ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* ANDREWS.

Opinion delivered June 25, 1906.

1. MASTER AND SERVANT—NEGLIGENCE—BURDEN OF PROOF.—While a master is required to use ordinary care to furnish his servant a safe place for work, and to discover defects therein and repair them, the burden is upon the injured servant to show negligence in this regard, which will not be inferred merely from the occurrence of the injury. (Page 439.)

2. SAME—DEFECTIVE LADDER.—A servant, employed at work upon a defective ladder, is not entitled to recover damages for an injury received in a fall therefrom if the defect in the ladder was unknown to the master, and was not of such character that it ought to have been known to the master in the exercise of reasonable care. (Page 441.)

Appeal from Lonoke Circuit Court; *George M. Chapline,* Judge; reversed.

*B. S. Johnson* and *J. E. Williams,* for appellant.

There is no testimony in the record legally sufficient to sus-

tain the verdict. The burden was upon the plaintiff throughout to make out his case by a preponderance of the evidence, first, that he received his injuries by the accident of which he complains; second, that it occurred by reason of some defect in the ladder he was using; and, third, that this defect was known to defendant, or that its ignorance was due to negligence in failing to inspect or exercise proper care. In neither event is there any presumption against the company, but, on the contrary, the presumption is that it has done its duty in the matter of appliances furnished; and when that is overcome by proof that they were defective the further presumption arises that it had no notice of the defect, and was not negligently ignorant of it. 51 Ark. 468; 46 Ark. 555; 84 S. W. 797; 44 Ark. 529.

*J. H. Harrod* and *Trimble, Robinson & Trimble,* for appellee.

Review the testimony and contend that the evidence shows that the ladder was defective; that the defect was unknown to plaintiff; that it was known to the defendant, or should have been known by it in the exercise of reasonable care; and the defect caused plaintiff's injuries. The evidence was legally sufficient to sustain the verdict.

McCulloch, J. The plaintiff, J. B. Andrews, was employed by the defendant, St. Louis, Iron Mountain & Southern Railway Company, as assistant pump repairer, and sues to recover damages on account of an injury he received in falling from a ladder which he was descending on the side of a water tank. He was instructed by his superior to change the valves in the tank, and in doing so it became necessary to ascend the ladder to the top and go down to the bottom of the tank. After discharging all the water from the tank, he and his helper went into it and changed the valves, and when he started down the ladder on the outside the third round of the ladder from the top gave way under his handhold, and he fell to the ground, a distance of about 36 feet, and was seriously injured.

The plaintiff, on the witness stand, described the occurrence, after receiving instructions to take his helper and change the valves of the tank, as follows: "I went over and got my tool sack, and changed my clothes, and we went up on top of the tank; then went down to the bottom, and took out the old valve, and put in a new one. After we were through, I picked up my

tool sack in my left hand, and started down. The third round pulled off, and I fell between 30 and 36 feet. I remember being in the air with a piece of the round in my right hand. Don't remember hitting the ground. The first I remember was when they had me over at the hospital." He introduced no evidence as to the condition of the ladder at the time of the injury, but rested the case upon his own statement as above quoted.

The defendant introduced as a witness R. F. Cook, foreman of the water department, who was the plaintiff's immediate superior, and he testified as to the condition of the ladder. He said that he went up this ladder on the same day and a short time before plaintiff's injury, and found it in good condition, and that he caused the ladder to be removed about two weeks later and that the timbers were perfectly sound and in good condition except that the third round or step from the top had been pulled off, and also that the two bottom steps were off. He explained that the steps of the ladder were mitred into the supports or side-beam, as well as nailed, and that he ascertained from examination of the ladder immediately after plaintiff's injury that where the step which had been pulled off under plaintiff's grasp joined the side-beam or support, the lower side of the mitre joint was split out, showing a fresh break. The ladder had been in use about four years.

The complaint alleges that the step of the ladder was rotten, dangerous and unsafe, and that the defendant was guilty of negligence in not keeping the same in safe condition, so as to furnish the plaintiff, its servant, a "safe place in which to work." This allegation was denied, and the case was put to the jury upon this issue and under correct and appropriate instructions.

Does the evidence warrant a finding of negligence on the part of the defendant in failing to furnish its servant a safe place in which to work? The law of the case is plain. It is the duty of the master to exercise care in furnishing a reasonably safe place in which the servant is required to work, and to exercise ordinary care in discovering defects and in repairing them. The burden is upon the injured servant to show negligence on the part of the master in this regard before recovery can be had for the injury. Nor can negligence be inferred merely from the occurrence of

the injury. *St. Louis, I. M. & S. Ry. Co.* v. *Rice,* 51 Ark. 467; *Fordyce* v. *Key,* 74 Ark. 19.

Learned counsel for appellee concede in their argument here that the evidence must have affirmatively established four elements of the plaintiff's cause of action before a recovery can be sustained, viz.:

(a). That the ladder was defective.

(b). That the defect was unknown to the plaintiff.

(c). That the defect was known to the defendant, or should have been known by it in the exercise of reasonable care.

(d). That the defect caused plaintiff's injuries.

The plaintiff contented himself below with proof that the round of the ladder parted from its support beneath his grasp, and was insufficient to support his weight. The jury might have inferred from this that the ladder was defective because it failed to support his handhold, but does it prove that the defect was known to the defendant, or should have been known by it in the exercise of reasonable diligence? We think not. There is no evidence at all that the ladder had any appearance of being defective. On the contrary, the undisputed testimony establishes the fact that the timbers were perfectly sound, and that the break at the place where the round parted from the mitre-joint in the side-beam was a fresh split. The foreman testified that he ascended and descended the ladder a short while before the injury, and that it held up his weight, and appeared to be in good condition. The plaintiff himself and his helper had ascended the ladder in safety immediately before the injury without observing any defect, and the plaintiff in descending had stood upon this round of the ladder without breaking it. There was apparently no warning whatever of the danger, or of any apparent dangerous condition—nothing to indicate to the servants of the defendant whose duty it was to inspect the appliances for defects that this ladder was defective in any particular. Then how can it be said that the defendant was negligent in failing to discover the weakened condition of the ladder? It is quite true that there may have been a defect which weakened the ladder not observable by ocular inspection, but which could have been discovered by other tests. For instance, the person inspecting could have placed additional weights

on the rounds of the ladder, or might have subjected them to violent and sudden wrenches so as to test the strength; but in this case we are dealing only with the question of reasonable care in discovering defects, and there is no evidence at all that the defect was such as must have been discovered if reasonable care had been exercised. No one who went up and down the ladder saw any defect in it; and after it had failed to sustain the plaintiff's handhold and broke beneath his grasp, still no defect was apparent. The case is quite unlike one where defects are found after the injury caused thereby which must have been discovered if a careful inspection had been made. In such a case the jury would be warranted in finding either that no inspection was made, or that no effort was made to repair the defect after discovering it; but in the case before us the evidence does not show such a defect as must have been discovered in advance of the injury on a reasonably careful inspection. The jury are not permitted to indulge in presumptions. Upon a charge of negligence of this sort there must be proof, otherwise the injury complained of must be held to have resulted from an accident for which no one is legally liable to respond in damages. Such seems to have been this case. The evidence shows no more than that plaintiff's injury resulted from an accident.

Great stress is laid by counsel on the fact that Cook, the foreman, testified that the two bottom steps of the ladder were gone, and they argue that this justified the jury in finding negligence on the part of the company in failing to discover the weakened condition of the upper round of the ladder which pulled off. Cook was asked to explain why the bottom steps or rounds of the ladder were off, and he said: "Well, they had been broken off; most everybody around a tank will put their feet upon the steps or something like that—just thin, worn off." Now, it matters little how the bottom steps came off. There is positive testimony that the other parts of the ladder appeared to be safe and sound, and none to contradict it. The fact that the two bottom steps had been worn off was not sufficient to warrant the inference that the other parts were defective, when there was no evidence at all that the other parts appeared to be defective. We can not say, solely from the fact that the two steps were worn off by more frequent use, that the defendant was guilty of negligence in fail-

ing to discover defects in other parts of the ladder which were not apparent to ordinary observation. To do so would be to presume negligence where none was proved.

We are therefore of the opinion that the verdict is not supported by the evidence, and the judgment is reversed, and the cause remanded for a new trial.