### ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY

#### v. WELLS.

#### Opinion delivered April 8, 1907.

1. MASTER AND SERVANT—NEGLIGENCE—BURDEN OF PROOF.—In an action against a railroad company by an employee to recover for damages received in an accident, negligence of the railroad company will not be presumed merely from the occurrence of the accident, but must be proved, and the burden is on the plaintiff to establish it. (Page 374.)

2. SAME—DEFECTIVE APPLIANCE.—In an action against a railroad company by a locomotive engineer to recover for injuries caused by being thrown from his engine by the breaking of the drawbar which coupled the engine and tender together, evidence that the drawbar had a crack in it an inch and a quarter deep, which had the appearance of having been made some time previously, was sufficient to support a finding that there was an observable defect in the drawbar, and that defendant was negligent in failing to discover it. (Page 375.)

3. APPEAL—WEIGHT OF EVIDENCE.—On appeal the question is not whether the verdict of the jury was in accordance with the weight of the evidence, but whether there was evidence of a substantial character to support it. (Page 376.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*L. F. Parker* and *B. R. Davidson,* for appellant.

1. The court should have given the peremptory instruction asked for by appellant The presumption is that the bar was not cracked when it was last inspected, and there was no evidence that it was. 46 Ark. 555; 51 Ark. 467; 54 Ark. 389. The burden of proving want of inspection was on the plaintiff. 44 Ark. 524; 2 Rorer on Railroads, 1200; 3 Elliott on Railroads, § §1273-4; 1299; 56 Ill. App. 181; 11 Ill. App. 498. A railroad company is not required to make unusual tests to discover latent defects. 58 Ark. 125; Pierce on Railroads, 371; 3 Elliott, Railroads, *supra* and § § 1278, 1297. If the company made reasonable examinations and did not discover a latent defect, it is not liable. 149 U. S. 266; 28 Am. & Eng. R. Cas. 514. See also 42 Wis. 520; 14 Ill. App. 346; 1 Am. Neg. Rep. 302.

2. No presumption that the company has been negligent arises from the fact that a defect has been shown to exist and an employee injured. 46 Ark. 555; 51 Ark. 467; 79 Ark. 76.

3. "The presumption is that the master has done his duty by furnishing suitable instrumentalities; and when this is overcome by positive proof that the appliances were defective, the plaintiff is met by the further presumption that the master had no notice of the defect, and was not negligently ignorant of it." 51 Ark. 467; 14 Ill. App. 346; 156 U. S. 432 *et seq.;* 157 U. S. 287.

4. The fifth instruction asked by the defendant defines the full measure of its duty. 58 Ark. 125, and authorities *supra.* And the court should have instructed the jury as to ordinary care as requested in defendant's seventh request. Cases *supra.* A party cannot be held to a higher standard of care than the law requires. 49 Ark. 257.

*Sam R. Chew,* for appellee.

1. The questions of fact were, Was the reach-bar defective, and, if so, did appellant know it, or could it, by the exercise of ordinary care and diligence, have known its defective condition? These questions have been determined by the jury upon evidence sufficient to support their verdict.

2. It is the master's duty to inspect the machinery and tools it furnishes its employees, and to repeat these inspections

from time to time and as often as is reasonably necessary for the ordinary safety of its employees. 4 Thompson, Neg. § 3786; 48 Ark. 333; 51 Ark. 467; 119 Mass. 240; 8 Am. & Eng. R. Cas. 85; 48 Ark. 347.

McCulloch, J. The plaintiff, Marion Wells, sued the railroad company to recover damages for injuries received while in its service. He was fireman on a locomotive, and while at work was thrown from it by reason of the breaking of the drawbar which coupled the engine and tender together. He stood on the coupling, and was engaged in shaking the grate of the engine when the coupling or drawbar broke, allowing the engine to suddenly draw away from the tender, and he fell to the ground, and was seriously hurt. The drawbar was made of iron, and was about three feet long, four or five inches wide and two and a half inches thick.

Negligence of the defendant is charged in allowing the drawbar to become weak and defective, and in permitting its use while in that condition. Appellant contends that the evidence is insufficient to warrant a finding by the jury that there was any negligence in furnishing a defective drawbar or in failing to discover defects therein.

The plaintiff and several other witnesses testified that immediately after the accident they examined the broken drawbar, and that where it broke apart there was an old break or crack about an inch and a fourth in depth clear across the bottom of the bar. They said that they could discern the difference between the old and the new break, that the old part of the break was "black, rusty and scaly looking," and looked like it had been there a good while.

The defendant introduced quite a number of its employees, engineers, machinists and inspectors, all of whom gave testimony to the effect that the engine in all its parts, including this drawbar, had been carefully inspected before the accident, and that no defect in it had been discovered. One of them, who showed expert knowledge of the subject, testified that if there had been a flaw in the bar a fourth of an inch or more up through it from the bottom it could have been discovered by a careful inspection. Now, it is entirely beyond dispute that the testimony of the plaintiff and the other witnesses he introduced was sufficient to

establish the fact that there was a defect in the bar at the time
it broke and caused the accident. The only question is whether
the evidence showed a defect which the defendant could, by
proper inspection, have discovered, for under no other circum-
stances could it be held responsible for the injury which resulted.
Negligence of the company can not be inferred merely from the
occurrence of the accident. That must be proved, and the
burden of establishing it is on the party who alleges it. *St.
Louis, I. M. & S. Ry. Co.* v. *Rice,* 51 Ark. 467; *Fordyce* v. *Key,*
74 Ark. 19; *St. Louis, I. M. & S. Ry. Co.* v. *Andrews,* 79 Ark.
437. The testimony of some of the witnesses shows that
the break or crack in the bar was an old one; that
it was about an inch and a fourth deep across the bot-
tom of the bar, and was scaly, blackened and rusty from ex-
posure, and had the appearance of having been done some time
before. If this testimony is true, the flaw must have been in
the bar when it was inspected, and one of the witnesses intro-
duced by the defendant testified that such a flaw could have been
detected by a careful inspection. We think this was sufficient
to justify a finding by the jury that there was an observable
defect in the bar, and that the defendant failed to exercise
due care to discover it.

It is true that there is abundant testimony that the employ-
ees of the company made careful and rigid inspections and
failed to discover any defect, but this was in conflict with the
other testimony showing that there was a defect which should
have been discovered, and the jury rejected it. They had the
power to do so, and we will not disturb the finding, even
though we think it is against the preponderance of the evidence.
The question we have to determine is not whether the verdict
is in accordance with the weight of the evidence, but whether
there is evidence of a substantial character to support it. If
there was such evidence, it is not our province to determine
its weight, as that was for the jury.

The facts of this case are not unlike those in the case of
*Spicer* v. *South Boston Iron Company,* 138 Mass. 426, where
the plaintiff, an employee of the defendant, received an injury
resulting from the breaking of an iron hook. There was evi-
dence tending to show that after the accident a flaw in the hook

was found which could have been discovered before if proper inspection had been made. The court held this evidence to be sufficient to sustain a finding of negligence, and said: "There remains the question whether there was any evidence of negligence on the part of the defendant. That the S hook, by the rupture of which the injury occurred, was defective, was clearly proved. The master does not warrant to the workmen the safety of the appliances, but he is obliged to use all reasonable care, consistent with the nature and extent of his business, that such appliances are proper and suitable. He is not responsible for hidden defects that could not have been discovered on the most careful inspection. The testimony of Morrison, that the hook now looked as if there was a break previous to the main break of Harvey, that 'if a man made a careful examination of the hook, after making it, he might, perhaps, have discovered the flaw which caused the accident, but these flaws would not be visible on an ordinary inspection'—the fact that there was actually a visible crack or flaw in the hook above the flaw at the place of the rupture, and that, as testified, iron will usually break in the weakest spot—taken together, tended to show that a careful inspection would have revealed the weakness of the hook."

There was also testimony in this case that the bar was so exposed that water could have run down into the crack and rusted it in a very short space of time; but the jury had these facts before them, as well as that the appearance of the crack or flaw at the time it broke apart, and it was for them to say whether or not the defect or flaw was in the bar when it was recently inspected, and whether or not it was such a defect as should have been discovered by an ordinary inspection.

The court refused to give several of the instructions asked by the defendant, and error is assigned in that respect, as well as in the giving of instructions on the motion of the plaintiff. The assignments of error in this regard are numerous, but we have considered them all carefully, and concluded that there is no error in the record. The rejected instructions, except the peremptory one asked by appellant, are fully covered by those given by the court.

The judgment is affirmed.          BATTLE, J., dissenting.