ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

v. WELLS.

Opinion delivered January 10, 1910.

1.  MASTER AND SERVANT—ASSUMED RISK.—Where a fireman upon a railway locomotive, at the time of entering service, knows that the feed glass of the lubricators of two-thirds of the company's engines are unscreened, and is injured by explosion of an unscreened feed glass, he will be held to have assumed the risk therefrom.  (Page 155.)

2.  SAME—DUTY TO WARN SERVANT.—It is not the duty of a master to warn an inexperienced servant of the dangers liable to be encountered by him in the performance of his duties where experience is not necessary to enable him to do with safety the work he is employed to perform.  (Page 155.)

3.  SAME—FAILURE TO WARN SERVANT—EFFECT.—Failure of a railway company to notify a fireman that the feed glass of the engine's lubricator was liable occasionally to burst was not the cause of the glass breaking and injuring such fireman.  (Page 155.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; reversed.

*E. B. Kinsworthy* and *Lewis Rhoton,* for appellant.

The court erred in refusing a peremptory instruction for defendant.  71 C. C. A. 338; 122 U. S. 189; 101 N. Y. 520; 5 N. E. 358; 54 Am. R. 722; 100 U. S. 214; 90 Tenn. 711; 18 S. W. 387; 12 Lea 63; 47 Am. R. 319; 94 Fed. 73; 36 C. C. A. 94; 29 S. W. 544; 9 Tex. Civ. App. 100; 59 Tex. 19; 86 Tex. 96; 23 S. W. 642; 85 C. C. A. 240; 170 U. S. 665; 28 Ind. App. 31; 84 C. C. A. 573; 184 Mass. 243; 165 Mass. 368; 130 N. C. 34; 73 Wis. 404; 35 Wash. 544; 48 Ark. 347; 56 Ark. 238; 170 U. S. 673; 152 U. S. 112; 94 Fed. 73; 122 U. S. 189; 152 U. S. 145; 54 Ark. 389; 74 Ind. 440; 31 Ill. App. 75; 29 C. C. A. 219; 167 Mass. 539; 113 Mass. 396.  One who enters the service of a railway company assumes the risks of such dangers as are open to observation.  67 Ark. 209; 14 L. R. A. 552; 122 U. S. 189.

*J. H. Harrod,* for appellee.

The defendant was not entitled to a peremptory instruction. 77 Ark. 367; 79 Ark. 53.  The question of whether a risk was assumed is a question for the jury.  79 Ark. 53; 88 Ark. 548.

HART, J.  This is an appeal by the St. Louis, Iron Mountain & Southern Railway Company from a judgment rendered against

it in the Lonoke Circuit Court in favor of W. H. Wells for phys-
ical injuries received by him on account of the alleged negligence
of the railroad company in not screening or shielding the feed
glass of the lubricator on one of its engines, whereby his right
eye was destroyed by the bursting of said feed glass. The state-
ment of facts is substantially as follows:

W. H. Wells, the plaintiff, was 22 years of age. Until
about 20 years old, he worked on a farm. He then worked for
a railroad company in the capacity of car repairer and engine
watchman. About six months before the injury occurred, he
was employed by the defendant company as fireman, in which
capacity he worked until the time of the injury of which he com-
plains. His usual run as fireman was on the central division
between Little Rock and Van Buren in the State of Arkansas.
He was directed at the beginning of each run to fill the lubricator
on the engine, and did so unless the engineer arrived first and
filled it. He had no other duties to perform in connection with
the lubricator. The oil feeds through a glass tube, and the lu-
bricator is right above the boiler in plain view of the engineer
and fireman when on their seats. The engines are equipped with
screens and wire shields to the feed glass when they leave the
shops, but these are soon taken off by the engineer so that he
can better watch the oil feed through the glass to the cylinder.
On the road in question the shields and screens had been re-
moved from as many as two-thirds of the engines. The plaintiff
first saw the engine in question on February 18, 1908, when he
left Little Rock on it as fireman. His run was to McGehee in
this State. The next morning at McGehee when the plaintiff
climbed upon the engine, the engineer told him that he had al-
ready filled the lubricator. The engineer went back to the tank
to see about the water. While he was gone, the plaintiff noticed
some steam escaping from the bottom of the feed glass. He says
that he thought this might be dangerous and decided to shut off
the steam. He went forward toward the lubricator, and started
to take hold of the condenser, and about that time the glass burst.
A piece of the glass flew in his eye, and injured it so severely
that it had to be removed.

The above statement of facts is uncontradicted, and thus
raises the issue of whether the court erred in giving a per-
emptory instruction in favor of the defendant.

The plaintiff was a man of average intelligence. He had been employed by the defendant as fireman for six months. He knew that only one-third of its engines were equipped with shields or screens on the feed glass of their lubricators. The lubricators were on the boiler immediately in front of him where but to look would be to know whether or not the feed glass was guarded by shield or screen. Plaintiff said that he had never known one of the feed glasses to break before, but any one with his experience must have known that glass will sometimes break.

There was nothing inherently dangerous about the use of the feed glass. The only danger was that which might arise from the occasional breaking of it just as any other tool or implement might break. It is not contended that there was any defect in it. We think, under the undisputed facts, it was one of the risks incident to the service which the plaintiff assumed when he entered the employment of defendant as fireman on one of its locomotives. *St. Louis, I. M. & S. Ry. Co.* v. *Corman,* 92 Ark. 102; *Louisiana & Arkansas Railway Company* v. *Miles,* 82 Ark. 534.

Besides, "it is not the duty of a master to warn an inexperienced servant of the dangers liable to be encountered by him in the performance of his duties where experience and instruction are not necessary to enable him to do with safety the work he is employed or required to perform." *Ford* v. *Bodcaw Lumber Company,* 73 Ark., at p. 55.

The only duty plaintiff had to perform in connection with the lubricator was to fill it when directed by the engineer. There was nothing inherently dangerous in working near it. If the plaintiff had been warned that the feed glass might occasionally burst, it could not have lessened the likelihood of explosion in this case. Hence the mere fact that he was not told that the feed glass might sometimes break in no wise contributed to cause his injury. *Brands* v. *St. Louis Car Co.,* 112 S. W. (Mo.) 511.

Therefore, we conclude that the court erred in not directing the jury to return a verdict for the defendant.

For that error the judgment must be reversed, and the cause dismissed.