EXPORT COOPERAGE COMPANY *v.* RAMSEY.

Opinion delivered March 25, 1918.

1. MASTER AND SERVANT—INJURY TO SERVANT—ASSUMED RISK—OPERATION OF EMERY WHEEL.—Appellee, in appellants' employ, was injured while operating an emery wheel; he had long experience in using an emery wheel in gumming saws, knew that they sometimes burst, and that a hood was needed to protect the operator. *Held*, where appellee operated the wheel without a hood, and never requested that one be placed on the machine, that he assumed the risks incident to the operation of the wheel without a hood.

2. MASTER AND SERVANT—DEFECTIVE TOOLS—PROOF.—In order to recover damages occasioned by the breaking of machinery or tools furnished an employee by an employer, it is not only necessary to prove a defect therein, but such a defect as may be discovered by a careful inspection.

3.   MASTER AND SERVANT—TOOLS—LATENT DEFECT.—An employee can
not recover damages occasioned by the breaking of an appliance
not known by the employer to contain a defect, or which contained
a latent defect not discoverable by a careful inspection thereof.

Appeal from Searcy Circuit Court; *J. I. Worthington,* Judge; reversed.

*T. D. Wynne,* for appellant.

1.   The evidence is not sufficient to sustain the verdict. Appellee failed to meet the burden of proof. No negligence was proven and no defect in the wheel shown. Negligence is not presumed from the happening of the accident. The burden was on appellee. 69 Ark. 439; 82 *Id.* 372; 100 *Id.* 467, 476; 93 *Id.* 153; 98 *Id.* 222; 79 *Id.* 437; *Ib.* 80; 90 *Id.* 331; 87 *Id.* 196; 74 *Id.* 22.

2.   Defendant assumed the risk. 95 Ark. 560; 56 *Id.* 206; 67 *Id.* 209; 79 *Id.* 20; 82 *Id.* 11; 90 *Id.* 407; 56 *Id.* 232. There was a total failure of proof to show negligence or a defect in the wheel, or that appellant knew of any, or might have detected one by ordinary care and inspection.

*D. T. Cotton* and *E. G. Mitchell,* for appellee.

1.   The evidence supports the verdict. Negligence was proven. 95 Ark. 588; 92 *Id.* 350; 26 Cyc. 1143 and notes.

2.   There is no error in the instructions and defendant did not assume the risk. Cases *supra.*

HUMPHREYS, J. On the 4th day of April, 1917, appellee brought suit against appellant in the Searcy circuit court to recover damages for an injury received while gumming a mill saw with an emery wheel revolving rapidly by steam power. The complaint contained the following allegations of negligence:

"First, in requiring him (appellee) to gum and file said saws with defective machinery, and apparatuses, same being insufficient.

"Second, in negligently and carelessly failing to have a hood or shield in said machinery for protection while he was performing his duty.

"Third, in carelessly and negligently having plaintiff (appellee) to work in a situation and place that was known to defendants (appellants) to be dangerous and hazardous and not known by plaintiff (appellee) to be so.

"Fourth, in not providing a reasonably safe place. for plaintiff to work, and in failing to use proper care to have a shield or protector for said machinery while plaintiff was obeying the orders of his principal in gumming and filing said saws."

Appellant answered, denying all the material allegations of the complaint, and, by way of further defense, pleaded contributory negligence on the part of, and assumed risk by appellee.

The cause was submitted to a jury upon the evidence and instructions of the court, and a verdict was returned in favor of appellee for $2,500. Judgment was entered in accordance with the verdict, from which an appeal has been prosecuted to this court.

The facts are substantially as follows: In October, 1916, appellant employed appellee to look after a stave mill and gum and sharpen saws. Mr. Eglin was superintendent of the production of the mill and employed appellee. The mill was shut down for repairs when appellee was employed, and Eglin informed him that all the machinery, including the emery wheel, was in good shape. The saw teeth were gummed, which means they were deepened and lengthened, by the use of an emery wheel attached to a rod and suspended from above. The emery wheel was revolved rapidly by power and the saw was moved along so as to bring each tooth in contact with the emery wheel for the purpose of gumming it. While appellee was engaged in this work at the noon hour, the customary time to do the work, the emery wheel broke and injured appellee. The emery wheel was turning at the rate of about 1,500 or 2,000 revolutions per minute. It was of Detroit make and was purchased from Hadley Buck of St. Louis. The Detroit wheel bore the reputation of being a good make of wheel. This wheel was operated without a hood. The wheel could have been operated

with a hood. It was unsafe to operate the wheel without a hood, because emery wheels occasionally bursted when in operation. Appellee knew that this wheel had no hood; that it was safer to operate them with hoods; and that it was dangerous to operate them without hoods. Appellee had used this particular wheel three or four times before he was injured. He was an experienced gummer, having been engaged in that particular business for ten or twelve years for a number of stave mill concerns. No inspection of the wheel had been made since its installation by appellant. There was no evidence tending to show a defect in the wheel except the statement of appellee and J. N. Moore to the effect that the wheel would not have broken at the rate of speed it was running unless it had contained a defect. There was no evidence tending to show that if a defect did exist it could have been discovered by a careful inspection of the wheel.

(1) Appellant insists that the evidence is not sufficient to support the verdict. The facts in the instant case, so far as developed in the record before us, bring it well within the case of *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Wells,* 93 Ark. 153. In that case, appellee, who was a fireman, lost an eye by the bursting of an unscreened glass feed of a lubricator. Appellee had never known of a glass feed breaking, but it was made of glass, and the court said that any one of appellee's experience must have known that glass would sometimes break. Appellee did know that the screen, installed for the protection of those working with or near the glass feed, had been pulled off. The court said in that case (quoting syllabus 1): "Where a fireman upon a railway locomotive, at the time of entering service, knows that the feed glass of the lubricators of two-thirds of the company's engines are unscreened, and is injured by explosion of an unscreened feed glass, he will be held to have assumed the risk therefrom." In the instant case, appellee had had long experience in the use of an emery wheel for the purpose of gumming saws; he knew that they sometimes

bursted and that the proper and safe operation thereof demanded a shield or hood for the protection of the operator. He not only operated the wheel without a hood, but never requested that one be placed on the machine. Appellee clearly assumed the risk incident to the operation of an emery wheel without a hood. *Louisiana & Arkansas Ry. Co.* v. *Miles,* 82 Ark. 534; *St. L., I. M. & S. R. Co.* v. *Corman,* 92 Ark 102.

In the case of *St. Louis, Iron Mountain & Sou. Ry. Co.* v. *Wells, supra,* no defect in the glass feed was claimed. In the instant case, a defect was claimed in the emery wheel but no defect was proved; nor was it proved that by a careful inspection a defect could have been discovered in the wheel. The only evidence tending to show that a defect existed in the emery wheel was the conclusion of appellee and Moore that the wheel would not have broken at the speed it was driven unless it contained a defect. This character of proof is not sufficient to establish the defect. It was said by this court in the case of *St. L. & S. F. Rd. Co.* v. *Wells,* 82 Ark. 372, that, "negligence of the company can not be inferred merely from the occurrence of the accident. That must be proved, and the burden of establishing it is on the party who alleges it."

(2) In order to recover damages occasioned by the breaking of machinery or tools furnished an employee by an employer, it is not only necessary to prove a defect therein, but such a defect as may be discovered by a careful inspection. *St. L., I. M. & S. Ry. Co.* v. *Anderson,* 79 Ark. 437.

(3) It is true, as suggested by learned counsel for appellee, that an employer must exercise ordinary care to furnish safe appliances to his employee, keep them in repair and carefully inspect them; but it is likewise true that an employee can not recover damages occasioned by the breaking of an appliance not known by the employer to contain a defect, or which contained a latent defect not discoverable by a careful inspection thereof.

On account of the lack of substantial evidence in the record to sustain the verdict, the judgment must be reversed and the cause remanded to the circuit court of Searcy County for a new trial.