VICTORA BANK OF STRONG *v.* WEST.

Opinion delivered February 23, 1925.

1. APPEAL AND ERROR—REVIEW OF EVIDENCE TO SUPPORT VERDICT.—In testing on appeal the legal sufficiency of the evidence to support a verdict, the evidence must be viewed in the light most favorable to the findings of the jury.

2. BILLS AND NOTES—ACCEPTANCE OF CHECK—EVIDENCE.—In an action against a bank for the value of a check alleged to have been accepted as a deposit, where the defense was that it was accepted for collection only, evidence *held* to support a verdict against the bank.

3. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTION.—A statement in an instruction, on the issue as to whether a check was accepted by defendant bank as a deposit or for collection only, that the bank could not escape liability on the ground that the deposit was not credited on the books of the bank, though surplusage, was not prejudicial.

4. BANKS AND BANKING—DEPOSIT SLIP—BURDEN OF PROOF.—In an action for the amount of a check alleged to have been accepted by defendant bank as a deposit, the burden of proving that the deposit slip issued by defendant for the amount of the check was in fact contingent and not an absolute deposit, was on the bank.

5. BANKS AND BANKING—DEPOSIT—EVIDENCE.—Where the issue was as to whether defendant bank received from plaintiff a certain check for deposit or for collection merely, testimony as to how the bank handled the check in plaintiff's absence and without his knowledge was properly excluded as immaterial.

Appeal from Union Circuit Court, *L. S. Britt,* Judge; affirmed.

*Mahony, Yocum & Saye,* and *J. N. Saye,* for appellant.

A verdict should have been directed in favor of the defendant, not only because a jury's verdict must be based upon evidence legally sufficient to support, and because of the conditions precedent to the payment of the check, viz: that West should furnish Gathright an attorney's opinion on the title, which was not furnished, but also because all reasonable inferences to be drawn from the evidence and circumstances of the case are against the appellee. 70 Ark. 386; 114 Ark. 119; 103 Ark. 61; 113 Ark. 353; 117 Ark. 643; 44 S. W. 1059; 18 N. J. Law (3 Har) 339; 44 Wis. 332; 95 Me. 458. The court erred in instructing the jury that the burden of showing that the issuance of the deposit slip was contingent, and not in payment of the check, was upon the bank. 141 Ark. 235, 241 and cases cited; 2 Jones, Blue Book of Evidence, 384, § 491.

*Pat McNally,* for appellee.

The check was not accepted and receipted for as a regular deposit, as appears by the testimony of the bank's cashier but merely as an item for collection. It was proper, therefore, to instruct the jury that if the check was presented for *payment* in the regular course of business, and the cashier, without any qualifications or contingencies limiting the liability of the bank, accepted the check and issued the bank's usual and ordinary deposit slip covering the amount of the check in lieu of payment thereof in cash, the bank could not escape liability, etc. 119 Ark. 373. The burden rested on the bank to show that the deposit slip was not in payment of the slip. *Id.* 375.

HUMPHREYS, J. Appellee brought suit against appellant in the circuit court of Union County to recover $1,200, averring that, on the 30th day of April, 1921, he and his wife executed and delivered to E. F. Gathright an oil and gas lease covering certain lands in said county; that the consideration of said lease was $1,200, for which

Gathright gave appellee his check drawn on appellant bank; that said check was indorsed, ''To be paid when J. A. West delivered an abstract of title to said land to the bank;'' that on May 24, 1921, appellee delivered said bank an abstract of title to said land for Gathright, and presented said check to said bank for payment; that said bank accepted said abstract, honored said check, and gave appellee a deposit receipt for same; that, about three weeks after accepting said check and receipting for same, appellant notified appellee that it would not honor its check if drawn against said bank for said sum; that appellee has demanded payment of said sum from said bank, and that appellee refuses to pay it to him.

Appellant filed an answer to the complaint denying the material allegations therein, and, by way of further defense, alleged that on the 30th day of April, 1921, E. F. Gathright, as trustee, drew his check on said bank, payable to appellee and his wife, in the sum of $1,200; that said check bore the following indorsement: ''To be paid on the delivery of abstract of title and an attorney's opinion;'' that said check was delivered by appellee to appellant on May 24, 1921, on condition that it would be honored by appellant when appellee delivered to appellant an abstract of title covering said land, together with a reputable attorney's opinion approving title to said land, if Gathright approved the payment of said check; that, subsequent to delivery of said check to appellant by appellee, the Title Guaranty & Abstract Company of El Dorado, Arkansas, prepared an abstract of title covering said land and forwarded same to appellant, with a draft attached for the cost of preparing abstract; that, upon receipt of said abstract and draft, appellant notified appellee; that appellant refused to pay the charges for said abstract; that, after allowing appellee a reasonable time in which to pay for said abstract, appellant returned it and the draft to the Title Guaranty & Abstract Company; that appellee has at no time since the delivery of the check to appellant delivered to it an attorney's opinion on the title to the land

described in the complaint; that appellee violated and breached his contract with Gathright; that said Gathright has at no time authorized appellant to pay said check to the appellee, and that appellee is without authority to pay same.

The cause was submitted to a jury upon the pleadings, the testimony adduced by the respective parties, and the instructions of the court, which resulted in a verdict and judgment against appellant in favor of appellee for $1,200, from which is this appeal.

Appellant's main contention for a reversal of the judgment is the alleged insufficiency of the evidence to support the verdict. In testing the legal sufficiency of the evidence to support the verdict, the court must view the evidence in the strongest light favorable to the findings of the jury, or, in other words, the strongest probative force should be given to evidence in support of the verdict; and, when so treated, the verdict must stand if there is any substantial evidence to support it. *St. L. I. M. & S. R. Co.* v. *Coleman,* 97 Ark. 438; *Same* v. *Evans,* 99 Ark. 69; *St. L. & S. F. R. Co.* v. *Wells,* 82 Ark. 372.

The testimony in the record most favorable to the verdict is that of appellee himself, which is to the effect that he sold E. F. Gathright outright an oil and gas lease for $1,200 on April 30, 1921, for which amount he received a check from Gathright, drawn upon appellant, upon which was indorsed, "To be paid when J. A. West delivers an abstract of title to said land to the bank;" that he had the abstract sent to the bank; that, on the............ day of............19......, he presented the check to L. G. Tucker, assistant cashier of the bank, who was working at the cashier's window, and asked if the abstract was there; that he said it was, and that the check was O. K.; that he gave him a deposit slip for $1,200, without condition or contingency; that the abstract was not held up on account of a failure to pay the balance due on it, as he had told Mr. Murphy to send him the bill for it and he would pay it off at any time; that he afterwards

requested the bank to pay the $1,200, but it refused to let him have it; that the deposit slip given him had no notation upon it showing that the check was accepted for collection only, and same was introduced as an exhibit to his testimony; that the check for $1,200 given him by Gathright had no notation upon it, at the time he received and deposited it, with reference to an attorney's opinion being furnished as to the sufficiency of the title; that, at the time he deposited it, the cashier said to him that Gathright had told him to pay the check.

While the testimony introduced by appellant was in conflict with the testimony detailed above, yet, according to the tests for determining the legal sufficiency thereof to support the verdict, appellee's testimony must be treated as true on appeal. It is not within the province of the court on appeal to pass upon the weight of the evidence and the credibility of the witnesses. The jury was the sole judges of those matters, and appellant was and is concluded by the verdict.

The issues of fact with reference to the abstract, the attorney's opinion, and whether Gathright acted as a broker for appellee in the sale of the lease, or whether he purchased it outright, were left in dispute by the conflicting testimony of the several witnesses, and cannot be treated on appeal as settled one way or the other by the undisputed evidence.

Appellant next contends for a reversal of the judgment because the court gave appellee's requested instruction No. 1, which is as follows: "1. You are instructed that, if you believe from the evidence in this case that the plaintiff presented the check of E. F. Gathright to the cashier of the defendant bank for payment in the regular course of business, and the said cashier, without any qualifications or contingencies limiting the liability of said bank, accepted said check and issued to the plaintiff its usual and regular deposit slip, covering the amount of said check, in lieu of payment thereof in cash, said bank could not escape liability to the plaintiff on the ground that the cashier or other employee of the

said bank had not placed the deposit to the credit of the plaintiff, on the books of the bank.''

The objection to the instruction is that it was abstract. We think there was evidence in the record which justified the instruction. L. G. Tucker testified that he accepted and receipted for the check merely as an item for collection. Appellee testified that it was received and accepted as a deposit. It is true that it was immaterial whether the officers of the bank gave West credit for the check, if it was received as a deposit, as he would not be bound by the manner or method of treating the check, without his knowledge or in his absence, yet we are unable to see how the last clause in the instruction could have misled the jury. The instruction submitted the main issue in the case, and, while the last clause therein was surplusage, it resulted in no prejudice to the appellant's rights.

Appellant's next contention for a reversal of the judgment is because the court gave appellee's requested instruction No. 2, which, in effect, told the jury that the burden of showing that the issuance of the deposit slip was contingent, and not in payment of said check, was upon appellant. The deposit slip purported on its face to be a deposit of $1,200, and not a deposit of a check for collection, hence the burden rested upon the bank to show that the deposit slip was not given in payment of the check. *Arkansas Bank & Trust Co.* v. *Bishop,* 119 Ark. 375.

Appellant's next and last contention for a reversal of the judgment is that the trial court refused to permit M. L. Summers to testify that the bank handled the check as an escrow agreement. The real issue was, not how the bank handled the check, but whether it received the check as a deposit or for collection. As before stated, West could not be bound by the method in which the check was treated, in his absence and without his knowledge. The testimony was therefore immaterial, and the court did not err in excluding it.

No error appearing, the judgment is affirmed.