St. Louis Southwestern Railway Company v. Burdg.

Opinion delivered January 3, 1910.

Master and servant—Assumed risk—Negligence of fellow servant.—
The common-law rule that the negligence of a fellow servant is as-
sumed by one who undertakes service under a master has, as to all
railroad and coal companies and all corporations, been repealed by
the act of March 8, 1907, making the master "responsible to a ser-
vant who, while exercising due care for his own safety, is injured by
the negligent act of a fellow servant, the same as if the negligence
was that of the master."

Appeal from Jefferson Circuit Court; *Antonio B. Grace,*
Judge; affirmed.

*S. H. West* and *Bridges, Wooldridge & Gantt,* for appellant.

1. The only allegation of negligence is as to plaintiff's fel-
low-servant and co-employee. Defendant is therefore liable, if
at all, only under the provisions of the Fellow Servant Act of
1907, which abrogates the common-law rule under which a mas-
ter was liable for injuries caused by the negligence of a fellow-
servant only when there had been a lack of ordinary care on the
part of the master in selecting and employing competent ser-
vants to work with the injured servant, and makes the master
liable for such injuries in the same manner and to the same ex-
tent as if the negligence causing the injury was that of the master.
No presumption of negligence arises from the mere occurrence
of the act, and the burden is on plaintiff to prove negligence be-
fore there can be a recovery. 44 Ark. 527; 46 *Id.* 555; 51 *Id.*
467; 74 *Id.* 19; 79 *Id.* 81; 79 *Id.* 437; 82 *Id.* 375; 179 U. S. 658.
In this case the negligence can consist only of the cause which
started the iron to fall; and the evidence must show that this
cause was some act or omission on the part of Duckett, plain-
tiff's fellow-workman, which amounted to negligence. This the
evidence fails to establish, and defendant was entitled to a
peremptory instruction.

2. Furthermore, it was necessary for plaintiff to show that
he himself was, at the time of the injury, "in the exercise of due
care," as provided by said act. Acts 1907, p. 162; 41 A. & E.
R. Cas., N. S. 834, and cases there cited. Plaintiff has failed to
show that he was "in the exercise of due care," and the judgment
should therefore be reversed.

3. · The court erred in refusing to give defendant's instruction number 2, which submitted to the jury the question of plaintiff's assumed risk, which defense is not changed by the above act.  56 Ark. 206; 54 *Id.* 389; 87 *Id.* 513; 90 Ark. 543; 70

Frauenthal, J.  J. M. C. Burdg, the plaintiff below, instituted this suit against the St. Louis Southwestern Railway Iowa 561; 81 Wis. 563; 3 Elliott on Railroads (2 ed.), § 1289. Company to recover damages for injuries which he alleged that he received while in the employment of the defendant as a car carpenter.  On October 24, 1907, plaintiff was in the employ of the defendant as a car carpenter, and was engaged in the duty of taking a brake rod off of a box car for the purpose of repairing the car.  Another employee of the defendant was at the time engaged at work on the top of the car in loosening a heavy iron brake plate which encased the brake rod.  The plaintiff was on the ground, and in the performance of his work was lifting the brake rod out of a socket so as to lower it when, as plaintiff alleged, the employee on the top of the car negligently and carelessly suffered and permitted the brake plate to drop or slide down the brake rod from the top of the car upon the plaintiff's right hand, thereby breaking, wounding and permanently disabling his hand.

The defendant admitted the employment of the plaintiff, but denied all other allegations of the complaint; and pleaded contributory negligence and assumed risk on the part of the plaintiff as a defense to his recovery.

The evidence on the part of the plaintiff tended to prove that the end of the box car had been knocked out, and that the plaintiff and his fellow-servant were engaged in removing the brake rod.  This rod was encased in the brake plate at the top of the car, and this plate was fastened to the car with screws; and when the plate was entirely loosened, it would slide down the rod.  The employee on top of the car had loosened the plate from the car by removing the screws, and was holding the plate against the side of the car while the plaintiff on the ground took hold of the lower end of the brake rod and was raising it out of the socket.  The employee on the top of the car let the iron plate drop or slide down on the plaintiff while he was thus raising the rod.  He gave no warning of letting the plate drop, and at the time the plaintiff was looking down while engaged in the duty

of raising the rod and did not see the plate as it fell. From the facts and circumstances detailed we are of the opinion that the evidence is sufficient to sustain a finding that the fellow-servant was negligent in permitting or causing the brake plate to fall upon the plaintiff; and that at the time the plaintiff was in the exercise of due care.

The court, amongst other instructions, gave to the jury the following:

"The fact that the plaintiff was injured is not, within itself, sufficient to enable him to recover; but he must prove that his injury was caused by the negligence of some employee of defendant company. There is no presumption of negligence against defendant in this case, and the plaintiff, before he is entitled to recover, must prove by a preponderance of the evidence that his injury was caused by the negligence of his fellow-workman, and that but for such negligence his injuries would not have occurred."

And, at the request of the defendant, the court gave the following instructions:

"9. It is alleged in the complaint that plaintiff was injured by the carelessness and negligence of his fellow-workman in permitting an iron brake-plate to drop and fall upon plaintiff, so plaintiff must prove by a preponderance of the evidence that his injury was caused by the negligence of his fellow-workman in permitting said iron brake-plate to fall and injure plaintiff; and, if he fails to do this, then he is not entitled to recover, and your verdict should be for the defendant.

"10. It is the duty of an employee to exercise ordinary and usual care in the performance of his work; and if he did not do so, and want of care contributed in any degree to the injury to himself, then he is guilty of contributory negligence, and cannot recover in such case, even though the master or a fellow-servant were negligent in causing the alleged injury. If you find from a preponderance of the evidence that plaintiff was assisting his fellow-worker to take from the car the iron brake-plate, and in doing so he did not exercise what was ordinary prudence and care under the circumstances, and that his want of care contributed to the happening of plaintiff's alleged injury, then your verdict should be for the defendant.

"11. Contributory negligence is the want of ordinary care

on the part of the party injured; that is to say, the want of such care as an ordinary prudent person would have exercised under same or similar circumstances."

The defendant requested the court to give the following instruction, which was refused:

"2. You are instructed, as a matter of law, that an employee, when he enters the service of an employer, impliedly agrees that he will assume all risks which are ordinarily and naturally incident to the particular service in which he engages; and if you believe from the evidence that the injury to plaintiff was only the result of one of the risks ordinarily incident to the work in which plaintiff was engaged, and not otherwise, then he cannot recover in this case, and your verdict should be for the defendant."

The jury returned a verdict in favor of the plaintiff for $200. The defendant prosecutes this appeal.

It is contended that the court erred in refusing to give the above instruction number 2 at the request of the defendant, which relates to the assumption of risk by the plaintiff while engaged in this employment. The plaintiff alleged in his complaint that the sole cause of the injury was the negligent act of the fellow-servant in permitting or causing the brake-plate to fall on him. The testimony upon both sides was directed to this issue, and there was no testimony showing that the injury occurred from any other cause. The fellow-servant permitted or caused the plate to drop which injured the plaintiff. And the sole issue was whether or not the fellow-servant was negligent in this act. There was no evidence indicating that the injury was caused by any other act or cause or from any risk or peril that was incident to the work in which plaintiff was engaged other than this negligence of the fellow-servant. The instruction was therefore not applicable to the facts and evidence adduced upon the trial of this case and the sole issue involved in the case, unless as a matter of law the plaintiff assumed the risk and peril consequent upon the failure of the fellow-servant to properly perform his duty. If under the law the plaintiff did not assume the risk of the negligence of his fellow-servant, then under the pleading and testimony in this case said instruction was abstract. According to the common law, the master is not responsible for the injuries of the servant caused by the negligence of a fellow-servant. This

has been a well-recognized principle of the law, and the reason that was and is generally assigned for this doctrine is that the negligence of the fellow-servant is one of the risks that are incident to the service and assumed by the servant when he enters the employment. It was considered that by taking the employment the servant impliedly agreed and contracted to assume the risks ordinarily incident thereto, and that the negligence of the fellow-servant was one of these risks. But by the act of the General Assembly of March 8, 1907 (Acts 1907, 162), it was provided that a railroad company should be held responsible for injuries to a servant caused by the negligence of a fellow-servant. That act is as follows:

"Section 1. That hereafter all railroad companies operating within this State, whether incorporated or not, and all corporations of every kind and character, and every company, whether incorporated or not, engaged in the mining of coal, who may employ agents, servants or employees, such agents, servants or employees being in the exercise of due care, shall be liable to respond in damages for injuries or death sustained by any such agent, employee or servant, resulting from the careless omission of duty or negligence of such employer, or which may result from carelessness, omission of duty or negligence of any other agent, servant or employee of the said employer in the same manner and to the same extent as if the carelessness, omission of duty or negligence causing the injury or death was that of the employer." Acts 1907, p. 162.

This statute abolishes the above common-law doctrine which held that the servant assumed the risk of danger caused by the negligence of a fellow-servant. As is said in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Ledford,* 90 Ark. 543, this statute "prevents as to certain classes of employers the application of the doctrine which treats a danger created by negligence of a fellow-servant as one of the ordinary risks of the service assumed by the servant." By virtue of this statute the negligent act of the fellow-servant is, as far as the rights of the injured servant are concerned, the same as if it was the negligent act of the master. *Ozan Lumber Co.* v. *Biddie,* 87 Ark. 587; *Aluminum Co. of N. A.* v. *Ramsey,* 89 Ark. 522; *Ozan Lumber Co.* v. *Bryan,* 90 Ark. 223.

Now, it has been uniformly held that the servant, in enter-

ing the employ of the master, does not assume the risks of the dangers or perils that arise from or which are consequent upon the negligence of the master. He has a right to assume that the master has exercised due care and diligence, and to act upon the presumption that the master has exercised and will exercise that care for his protection. *Choctaw, O. & G. Rd. Co.* v. *Jones,* 77 Ark. 367; *Southern Cotton Oil Co.* v. *Spott,* 77 Ark. 463; *Choctaw, O. & G. Rd. Co.* v. *Craig,* 79 Ark. 53; *Pettus* v. *Kerr,* 87 Ark. 396; *St. Louis, I. M. & S. Ry. Co.* v. *Harmon,* 85 Ark. 503; *St. Louis, I. M. & S. Ry. Co.* v. *Birch,* 89 Ark. 424.

By virtue of the above act of March 8, 1907, the master is made "responsible to a servant who, while exercising due care for his own safety, is injured by the negligent act of a fellow-servant, the same as if the negligence was that of the master." The servant has therefore the right to presume that his fellow-servant will exercise due care and diligence; and he does not assume the risk of danger or peril caused by the negligence of the fellow-servant.

It follows that the court did not err in refusing to give said instruction number 2 asked for by the defendant.

We have examined the instructions given on the part of the plaintiff and all other instructions requested by the defendant, and find no reversible error in the rulings of the court thereon. As stated above, we think that there was sufficient evidence to warrant the jury in finding that the plaintiff at the time of the injury was in the exercise of due care and diligence, and that the injury received by him was solely due to the negligence of the fellow-servant.

The judgment is affirmed.