MISSOURI & NORTH ARKANSAS RAILROAD COMPANY *v.*

VANZANT.

Opinion delivered October 9, 1911.

1. MASTER AND SERVANT—PRESUMPTION AND PROOF OF FELLOW-SERVANT'S NEGLIGENCE.—While the mere fact that an injury has resulted to a servant from an act of a fellow-servant will not alone be sufficient to prove that such act was negligent, the latter's negligence need not be proved by direct evidence, but may be inferred from the facts and circumstances. (Page 464.)

2. SAME—ASSUMED RISK.—Where a servant knows the methods that are adopted by the master, the place furnished in which to work and the appliances with which it is done, and continues in the employment without complaint, he assumes the risks which may result from such known methods and appliances. (Page 465.)

3.  SAME—SUFFICIENCY OF PROOF OF FELLOW-SERVANT'S NEGLIGENCE.—
    Where the evidence tended to prove that plaintiff was injured either by
    the wilful tort or unintentional negligence of fellow-servants, a finding
    against the master will be sustained.  (Page 466.)

4.  SAME—ASSUMED RISK—NEGLIGENCE OF FELLOW-SERVANT.—Under
    act of March 8, 1907 (Acts 1907, p. 162) making a railroad company
    responsible for the negligent act of a fellow-servant to a servant exercis-
    ing due care for his own safety, the same as if the negligence were that
    of the master itself, a railway company's servant does not assume the
    risk of the negligence of his fellow-servants.  (Page 466.)

Appeal from Searcy Circuit Court; *George W. Reed*, Judge; affirmed.

*W. B. Smith, J. Merrick Moore* and *H. M. Trieber* for appellant.

1.  There was no evidence of negligence.  Negligence of the master, in cases of this character, will not be inferred merely from the happening of the accident, but the burden is on the plaintiff to prove it.  89 Ark. 50; 79 Ark. 437; 91 Ark. 388.

2.  Plaintiff assumed the risk of injury.  97 Ark. 486.

*S. W. Woods,* for appellee.

1.  Appellant made no objections to the testimony or to the instruction, and can not be heard to complain about them in this court.  46 Ark. 96; 70 Ark. 348; 71 Ark. 242.  The question of negligence was one of fact to be determined by the jury from the evidence, under proper instructions; and in test-ing the sufficiency of the evidence this court will give it its strongest probative force in favor of the verdict.  97 Ark. 486; 48 Ark. 495.

2.  The question also of assumed risk was one for the jury to settle under proper instructions.

FRAUENTHAL, J.  This was an action instituted by the appellee to recover damages for personal injuries which he al-leged he sustained by reason of appellant's negligence.  Appel-lee was employed by appellant as a section hand, and one of his duties was to assist in loading cotton on cars.  On the occasion of the alleged injury, he and two other section hands of appellant were engaged in loading some bales of cotton from the depot platform at the station of Gilbert into a box car.  The box car was located upon a sidetrack about 16 feet from the platform, which consisted of cinders raised about two feet above the level

of the ground.    The bottom of the car was about four feet
higher than the platform, and the bales of cotton were rolled from
the platform into the car upon a skid, which was about 10 to
12 inches wide and extended from the platform up to the door
of the car.    The appellee was at one end of the bale of cotton,
and his two fellow-servants were at the other end, and the bale
was, by their combined efforts, being rolled over and over on
the skid from the platform to the car.    The appellee had a cot-
ton hook in his right hand which he attached to the end of the
bale, and, by grasping the bale also with the other hand, he as-
sisted in rolling it up the skid.    When the bale approached to
within a short distance of the car, the two fellow-servants on
the opposite side jerked it so far to that side that it became un-
balanced, and they then loosened their hold and permitted it
to fall.    At this time appellee was holding to the cotton hook,
which was attached to the bale, and was absorbed in his work
of turning the bale.    On this account, and because the end of
the bale extended above his head, he could not see his fellow-
laborers on the other side at the time they jerked and dropped
the bale.    As the bale slipped, it caused the end at which appel-
lee was at work to suddenly fly up, and as it fell down on the op-
posite side of the skid, it pulled him against the skid, injuring
him painfully and severely.    The jury returned a verdict in
favor of appellee, assessing his damages at $175.

It is not claimed by appellant that the amount of the ver-
dict is excessive.    The grounds upon which it asks a reversal
of the judgment are that the appellee has failed to prove any
negligent act on the part of appellant or said fellow-servants
causing the injury, and that the undisputed evidence shows
that the injury was due to a risk which appellee assumed in
accepting and performing the duties of this service.    It is well
settled, we think, that negligence must be proved like any other
fact, and will not be presumed.    The burden of proving negli-
gence is upon the party who alleges it; and in this case it rested
upon the appellee.    In order to prove negligence, the testimony
must show that the act caused the injury, and that such act was
one of negligence.    The mere fact that the injury has resulted
from an act will not alone be sufficient to prove that the act was
negligent.    It must be shown by testimony other than the hap-
pening of the occurrence or the accident that the act causing

the injury was one of negligence. The presumption is that due care was exercised, and the failure to use such due care can not be inferred alone from the occurrence of the accident. But that the act was one of negligence and caused the injury need not be proved by direct evidence. This may be shown by the facts and circumstances in the case from which such negligence may be reasonably inferred; and the manner in which the occurrence happened may be taken into consideration, with such other facts and circumstances, in determining the act which caused the injury and whether such act was one of negligence. *St. Louis, I. M. & S. Ry. Co.* v. *Rice,* 51 Ark. 467; *Fordyce* v. *Key,* 74 Ark. 19; *St. Louis & S. F. Rd. Co.* v. *Wells,* 82 Ark. 372; *St. Louis, I. M. & S. Ry. Co.* v. *Reed,* 92 Ark. 350.

In the complaint, the acts of negligence charged against the appellant were (1) that the appellant set its box car on a sidetrack at a distance from the depot platform and had negligently furnished a set of skids upon which to roll the cotton to the car, and (2) that the fellow-servants had wilfully or negligently permitted the bale of cotton to fall. The first act of negligence is predicated upon the principle that appellant was under obligation to exercise reasonable care in furnishing to appellee a safe place and safe appliances with which to do the work in which he was engaged, and that it failed to perform that duty. But, under the facts and circumstances of this case, we are of the opinion that the appellee assumed all risks arising from the location of the box car and the use of the skids in loading the cotton thereon. The appellee had been engaged in doing this work in this manner for some time, and had raised no objection thereto. Where a servant knows the methods that are adopted, the place furnished in which to work and the appliances with which it is done, and continues in the employment without complaint, he assumes the risks which may result from such known methods and appliances. *Railway Co.* v. *Kelton,* 55 Ark. 483; *Patterson Coal Co.* v. *Poe,* 81 Ark. 343; *St. Louis, I. M. & S. Ry. Co.* v. *Goins,* 90 Ark. 387; *Graham* v. *Thrall,* 95 Ark. 560.

But this alleged act of negligence was abandoned by the appellee upon the trial of the case. By the instructions which he requested and the court gave, he based his right to recover

solely on the alleged acts of negligence of the other section hands. It is earnestly insisted by counsel for appellant that there is no proof of negligence on the part of these fellow-servants in handling the bale of cotton. The appellee was at one end, and these two fellow-servants were at the other end of the bale, as it was being rolled along upon the narrow skid. One of the very purposes for placing men at each end of the bale was to steady it and hold up each end as it was being rolled along, and thus to keep it from falling. The appellee was absorbed in doing his work at his end of the bale. The two fellow servants at the other end were, as they expressed it, "gagging at" or making sport of appellee, and they suddenly jerked the bale as it was nearing the car on the skid and then loosened their hold of their end of it and permitted it to fall. The end of the bale towards appellee, and a large portion thereof, was resting upon the skid, and the weight of the remaining portion could easily have been sustained by these two section hands. One of the duties incumbent upon them in the due performance of this service was to uphold and sustain the weight of that portion of the bale which was on their side of the skid. The appellee had a right to rely upon the presumption that these fellow servants would exercise due and ordinary care in the performance of their part of the work. From the facts and circumstances of this case, we are of the opinion that the jury were warranted in finding that these two fellow-servants either failed intentionally to sustain their end of the bale and wilfully let it fall, or that they failed to exercise ordinary care in upholding it. At least, there was room for difference of opinion between reasonable men as to whether such negligence should be inferred from the facts adduced in evidence in this case. Under such circumstances, the question as to whether or not these two fellow-servants were guilty of negligence which caused the injury was one for the jury to determine.

It is contended that appellee is not entitled to recover because his injury was due to a risk which he assumed. A servant assumes all the ordinary and usual risks and hazards that are incident to the service in which he is engaged. But it has been uniformly held that the servant does not assume the risk of the dangers or perils arising from the negligence of the master. By the act of the Legislature of March 8, 1907,

(Acts 1907, p. 162) a railroad company .is made responsible for the negligent act of the fellow-servant to a servant exercising due care for his own safety, the same as if the negligence was that of the master himself.  The servant, therefore, does not assume the risk of danger or peril caused by the negligence of his fellow-servants.  *St. Louis, I. M. & S. Ry. Co.* v. *Ledford,* 90 Ark. 543;  *St. Louis S. W. Ry. Co.* v. *Burdg,* 93 Ark. 88.

Under the facts and circumstances of this case, the jury were warranted in finding that appellee exercised due and ordinary care for his own safety.  He had a right to presume that his fellow-servants would exercise due care and diligence. At the time he was unable to see them or to know that they had loosened their hold on the bale, because it was in the line of his vision.  In holding on to the cotton hook and endeavoring to still retain the bale on the skid as it was falling, we think the appellee acted under an emergency from which contributory negligence can not be imputed to him.

We are of the opinion that the testimony was legally sufficient to warrant a finding of negligence for which the appellant was liable.  Finding no prejudicial error in the trial of the case, the judgment must be affirmed.