St. Louis Southwestern Railway Company v. Smith.

Opinion delivered March 4, 1912.

1.  Master and servant—assumed risk.—A servant assumes all the ordinary and usual risks and hazards that are incident to the service in which he is engaged, but he does not assume the risk of any injury which arises from the master's negligence; and, when such master is a railroad corporation, he does not assume the risk of any danger arising from the negligence of a fellow-servant.   (Page 565.)

2.  Same—negligence—sufficiency of evidence.—A verdict against a railway company for personal injuries received by a servant will be sustained by evidence tending to prove that such injuries were received on account of the negligence of a fellow-servant.   (Page 566.)

3.  Same—personal injuries—predisposition to disease.—A servant is not precluded from recovering for injuries resulting in inguinal hernia, due to the negligence of a fellow-servant for which the master was liable, though plaintiff was predisposed to that disease.  (Page 566.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; affirmed.

*S. H. West* and *Bridges & Wooldridge,* for appellant.

1.   The injury complained of was one of the risks assumed by appellee when he undertook the employment in which he

was engaged. It was his duty to inform himself of the ordinary risks incident to the employment; and, if he negligently failed to do so, he will still be held to have assumed them. 77 Ark. 367. And, since a man is the best judge of his own lifting capacity, and it is incumbent on him not to overtax it, he will especially be held to have assumed the risk in employment of the kind in which appellee was engaged. 106 Tenn. 263, 61 S. W. 53; 108 Minn. 199; 99 Ga. 283; 25 S. E. 646; 53 Kan. 1; 35 Pac. 825; 149 Mich. 473, 112 N. W. 1125; 172 Mo. 106, 72 S. W. 515; 92 N. W. 326. Even under the fellow-servant act of 1907, the master is not an insurer of the safety of the servant. 90 Ark. 543. See also 100 Ark. 462; 97 Ark. 486, and cases cited.

2. The verdict of the jury is not sustained by the evidence and is contrary to the physical facts. The burden was on plaintiff to show negligence by a fair preponderance of the evidence. It will not be presumed from the mere happening of the accident. 100 Ark. 462. If Meadows made "an awkward step," as he states, that does not indicate negligence. As to the physical facts, the timber was rigid, and being supported by four other men—two at each end—and it was not affected by Meadow's act of stepping down. There was no way by which he could have jerked appellee, and the latter's statement to that effect is without probative force and it is not possible that the load could have been shifted, under the circumstances, so as to cause the appellee to bear more or less than one-sixth of the whole. 169 Fed. 55, 94 C. C. A. 423; 137 Mo. App. 47, 119 S. W. 328; 37 Ore. 74, 60 Pac. 907; 121 Mo. App. 92, 96 S. W. 1045; 85 Ia. 167, 52 N. W. 119; 131 Mo. 241, 33 S. W. 428; 98 Wis. 559, 74 N. W. 360; 108 Wis. 530, 84 N. W. 882; 79 Ark. 608, 625-6.

3. The fifth instruction was erroneous. The facts in the case of *Railway* v. *Lewis*, 91 Ark. 343, in which this instruction was approved were materially different from the facts in this case.

*G. W. Hendricks,* for appellee.

Frauenthal, J. This is an action instituted by the appellee to recover damages for an injury which he alleged he received by reason of appellant's negligence. The appellee

was employed by appellant as a carpenter, and was engaged in the construction of a roundhouse in the city of Argenta. On the day of the injury, he and five other workmen in appellant's employ were directed to carry certain heavy timbers to the roundhouse. At the time of the injury, they were carrying a large timber twenty-five to thirty feet long, and weighing about 425 to 450 pounds. The workmen were divided into pairs, and each pair had a lug-hook, which caught beneath the timber and supported it, while the workmen held the ends of the bars or handles. This arrangement caused three men to be on each side of the timber, one being at each end and one in the center.

The appellee and a fellow-servant named Meadow occupied the center position. In taking a timber from a pile, it was necessary for Meadow to get upon the pile and go down after the timber had been lifted. According to the usual manner in which this was done, he would walk along the timber on the pile to its end, where it sloped nearer to the ground, before stepping off. On this occasion, Meadow had mounted on the pile, which was from eighteen to twenty inches high, and the workmen picked up the timber and started to walk away with it. The appellee was holding on to the handle of the lug-hook upon his side of the timber, and Meadow was holding to the other handle upon the opposite side. The lug-hook was so constructed that as Meadow raised his end of the handle while standing upon the pile it lowered the end of the handle which was held by appellee. Instead of walking down to the end of the timber upon which he was standing, Meadow suddenly and without notice to the appellee stepped off the timber, from the elevation of eighteen to twenty inches, on to the ground. The effect of making this step was to cause the handle of the lug-hook in appellee's hand to go up, and when Meadow reached the ground he gave the hook a severe pull, which jerked the handle in appellee's hands suddenly downward. The testimony on the part of appellee tended to prove that the effect of this was to make a greater lift or strain upon him, and cause a sudden strain upon his abdominal muscles, resulting in an injury known as inguinal hernia. The appellee testified that at the time he received the injury he felt a severe pain in the groin, and immediately sat down and quit work. His foreman gave him a certificate for admission to the ap-

pellant's hospital, but appellee returned to his home and there secured the services of a physician. Since the injury he has suffered much pain, and has been compelled to wear a truss. He has been unable to perform the work of a carpenter since the injury was received.

The witness Meadow testified that in carrying all other timber he had walked to the end of the pile where it was nearer to the ground before stepping off. That upon this occasion he did not do this, but was about eighteen or twenty inches above the ground and stepped off the timber upon which he was standing, in an awkward and unusual way. Upon the trial of the case, a verdict was returned in favor of appellee.

The chief reasons urged by counsel for appellant why the judgment rendered on this verdict should be reversed are, (1) that the injury was due to a risk which appellee assumed when he undertook the employment in which he was engaged; and (2) that there is not sufficient evidence to warrant the jury in finding that the alleged injury was caused by any act of the appellant or its servants.

It is urged that appellee's employment was of a very simple character, unconnected with any complex machinery or appliances wherein there might lurk unsuspected and unknown dangers, and that the injury was but the result of one of the ordinary risks incident to the work in which appellee was engaged. It is contended that the appellee is precluded from a recovery because he assumed such risk.

It has been repeatedly held by this court that a servant assumes all the ordinary and usual risks and hazards that are incident to the service in which he is engaged. When he knows the methods that are adopted, the place which is furnished and the appliances with which the work is done, he assumes the ordinary risks of injury which may result from such known methods and appliances. But it has been also repeatedly held that a servant does not assume the risk of any injury which arises from the master's negligence; and when such master is a railroad corporation, as in this case, he does not assume the risk of any danger or peril arising from the negligence of a fellow-servant. *St. Louis, I. M. & S. Ry. Co. v. Ledford,* 90 Ark. 543; *St. Louis S. W. Ry. Co. v. Burdg,* 93 Ark. 88.

From the testimony which was given by the appellee and his fellow-servant upon the trial of this case, we are of the opinion that the jury were warranted in finding that the injury was caused by an act of said fellow-servant, and that such act was one of negligence. According to this testimony, appellee was in the exercise of due care at the time, and he had a right to presume that his fellow-servant would also exercise due and ordinary care in the performance of his part of the work in which both were engaged. He was justified in believing, and in acting upon the belief, that this fellow-servant would do his part of the work in the ordinary and usual manner in which it had been done—that is, that, after lifting the timber which was being carried, his fellow-servant would walk down the timber upon which he was standing to its end, where it was nearer the ground, before stepping off. The jury, we think, were warranted in finding that in the exercise of due care he should have done this, or that he should have warned appellee before stepping off the timber at a point where he was at a great height from the ground. In stepping from the timber at this point to the ground, contrary to the usual way in which the work was done, and without giving any warning to appellee of his unexpected action, we are of the opinion that the jury was justified in finding that he was guilty of an act of negligence. If this act of negligence resulted in the injury of appellee while he was in the exercise of due care for his own safety, then appellant is liable for the damages which he sustained thereby. *Missouri & North Ark. Ry. Co.* v. *Van Zant,* 97 Ark. 486.

It is insisted that, according to the undisputed testimony, the injury which appellee complains of was not caused by the act of his fellow-servant, or by the work in which he was then engaged. It is urged that the trouble from which he suffers was the result of his former weakened physical condition, making him subject to hernia; but we do not think that this contention is borne out by the evidence. The testimony of the physicians tended to prove that inguinal hernia, from which appellee now suffers, might be caused by a sudden jerk, strain or fall. One of these physicians had treated appellee a few months prior to the time that he claims to have received this injury, and at that time appellee did not complain of any sore-

ness or injury in the inguinal canal. 'Immediately after under-going the strain caused by the jerk or jar, the appellee felt a severe pain in the groin, and on that account had to sit down and quit the work. The witness Meadow testified that he made an awkward and unusual step in going from the pile of timber on to the ground; and the jury were warranted in find-ing that this caused the handle of the lug-hook in appellee's hand to be suddenly jerked down, so as to throw on him a greater lift or strain, which might have resulted in this injury.

We are therefore of the opinion that there was some evi-dence adduced upon the trial of this case from which the jury were warranted in finding that the injury which appellee re-ceived was caused by the negligent act of his fellow-servant.

In this connection, the appellant complains of the follow-ing instruction which was given: "If you find that the defend-ant company in this case is liable under the instructions given by the court, and that the plaintiff received injuries complained of in the manner alleged, and that at the time of such injury he was predisposed to hernia, but otherwise in good health, and that said injury was solely excited or caused by the sudden jerk of the handle of the lug-hook in plaintiff's hand, and with-out his fault, and that his injury, whatever you find that to be, has directly resulted therefrom, then you are instructed that the plaintiff is entitled to recover to the fullest extent of whatever you find his injuries so received to warrant, not-withstanding such predisposition ·or weakness in regard to hernia."

A similar instruction was approved by this court in the case of *St. Louis S. W. Ry. Co.* v. *Lewis*, 91 Ark. 343. The facts in the case at bar as to the cause of the injury are in many respects similar to those in that case; at least, they are not so different as to make the above instruction inapplicable to the facts of this case.

Upon an examination of the entire record, we do not find that there was any prejudicial error committed in the trial of this case. The judgment is accordingly affirmed.