## CANAL CONST. CO. v. HENSON.

(Circuit Court of Appeals, Eighth Circuit. April 14, 1922.)

No. 5901.

1. **Appeal and error 1002—Verdict on conflicting evidence conclusive.**

Finding of jury on a question on which the evidence was conflicting, and in regard to which reasonable men might differ, was conclusive on appeal.

2. **Master and servant 204(3)—Risk of negligence of fellow servant held not assumed under Arkansas statute.**

Under Crawford & Moses' Dig. Ark. § 7137, a workman employed by a corporation engaged in construction work did not assume the risk of negligence of a fellow servant, felling a tree without a warning required by a rule of the corporation and a custom adopted by its employés.

3. **Evidence 546—Qualification of physician a question for trial court.**

Qualification of physician to testify as to customary results attending fractures was a question for the trial court.

4. **Trial 76—Not competent for counsel to object until cross-examination concerning knowledge of witness.**

Where physician testified that he had seen the X-ray of plaintiff's injuries taken by another physician, and that he knew that it was the same X-ray, it was not competent for counsel to object to question as to what witness found from the X-ray, because the witness did not show how he knew it was the same X-ray, until he had by cross-examination, or some kind of an examination, shown that the witness did not have knowledge based on reasonable grounds that the X-ray was the same.

5. **Appeal and error 274(5)—Exception insufficient to raise error in instructions.**

An exception: "Just one more exception; that is, the first instructions of negligence. I wish to enter my exceptions to the opinion of the court" —could not raise any error as to charge on contributory negligence.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action at law by G. C. Henson against the Canal Construction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. M. Cooley and Arthur L. Adams, both of Jonesboro, Ark., for plaintiff in error.

J. H. Hawthorne, of Jonesboro, Ark., and L. C. Going, of Memphis, Tenn., for defendant in error.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. Henson, hereafter called plaintiff, sued the construction company, hereafter called defendant, to recover damages for personal injuries received, as he alleged, by reason of the negligence of defendant. Plaintiff recovered a verdict, and the defendant assigns five errors as causes for reversal:

[1, 2] 1. The refusal of the court to direct a verdict for defendant because (a) testimony showed clearly and conclusively that plaintiff assumed the risk of the conditions of operation resulting in his injuries; (b) plaintiff himself was guilty of contributory negligence.

It may be stated generally that the defendant, at the time of the

injuries complained of, was engaged in digging what was known as Gum Slough ditch, in Green and Craighead counties, Ark. Plaintiff was one of its employees, engaged in the work of felling trees for the purpose of cutting a right of way, in order to construct the ditch. The evidence showed that it was a rule established by the defendant, and a well-known custom adopted by its employees, to holloa "timber" just as a tree was being felled, for the purpose of warning the coworkers on the job of the danger incident to the falling of a tree, so that they might protect themselves. The negligence complained of, and upon which the case was tried, was the alleged negligence of the fellow servants of plaintiff in permitting a tree to be felled, without due and timely warning to the plaintiff, in the direction of and near the place where plaintiff was engaged in felling a tree. Whether this warning was given in time for plaintiff to have avoided the dangers incident to the falling tree was a question upon which the evidence was conflicting, and in regard to which reasonable men might differ. The jury, upon the evidence submitted, found for the plaintiff, and their finding is conclusive.

The plaintiff did not assume the risk of negligence on the part of a fellow servant. St. Louis Southwestern Ry. Co. v. Burdg, 93 Ark. 88, 124 S. W. 239, construing section 7137, C. & M. Digest of Ark. (Act March 8, 1907); Chapman & Dewey v. Woodruff, 116 Ark. 197, 173 S. W. 188; Caddo River Lumber Co. v. Grover, 126 Ark. 449, 190 S. W. 560. The contention that plaintiff assumed the risk, and also was guilty of contributory negligence, is based upon the erroneous theory that plaintiff was seeking to recover damages for the negligence of defendant and its employees in failing to remove a lodged tree from a position where it might unexpectedly fall. The plaintiff made no claim that the defendant was negligent in regard to the lodged tree. There was no error in our opinion in the refusal of the court to direct a verdict.

2. The request to charge set forth in assignment of error No. 2 was probably correct in the abstract, but was inapplicable to the issues being tried.

[3] 3. This assignment of error is based upon an objection made by counsel for defendant that Dr. Horner, a witness for plaintiff, was not qualified to testify as to the usual or customary results attending fractures such as the witness had described. The qualification of the witness was a question for the trial court, and we see no error in its ruling, and the record barely shows that there would have been no objection at all, had not the trial judge suggested that perhaps some of the evidence was inadmissible. In any event the record does not show that the defendant was prejudiced by the ruling.

[4] 4. Dr. R. H. Willett was a witness for the plaintiff. He testified that he had seen the X-ray of plaintiff's injuries taken by Dr. McCracken and that he knew that it was the same X-ray. The witness was then asked by counsel for plaintiff: "State what you found from that X-ray." Counsel for defendant objected, because the witness did not show how he knew.

We suppose that the question meant that the witness had not shown how he knew that the X-ray he saw was the same X-ray that Dr. McCracken took of the plaintiff. The court overruled this objection. Counsel had not asked the court for the privilege of examining the witness as to his qualifications, and as the record stood the witness had testified that he knew the X-ray was the same. It was not competent for counsel to object to the question asked the witness until he had, by cross-examination or some kind of an examination, shown that the witness did not have knowledge based upon reasonable grounds that the X-ray was the same. As the record stood, it appeared that the witness did have such knowledge. We cannot see that any prejudice resulted to the defendant, assuming for any reason that the court was in error.

[5] 5. The only exception to the charge of the court as given is as follows:

"Just one more exception;. that is, the first instructions of negligence. I wish to enter my exceptions to the opinion of the court."

Under this exception error is assigned to the charge of the court upon the question of contributory negligence. Fairness to the trial court compels us to hold that such an exception could not raise the error, if any, complained of. Counsel for defendant did not request the court to charge upon the question of contributory negligence.

Finding no merit in the errors assigned, it results that the judgment below must be affirmed; and it is so ordered.