L. C. Burr & Company v. Greenlee.

4-4540

Opinion delivered March 1, 1937.

*Buzbee, Harrison, Buzbee & Wright,* for appellants.
*John P. Vesey,* for appellee.

McHaney, J. Appellee brought this action against appellants to recover damages for personal injuries which he alleged he received in a fall in appellant's store on September 21, 1933. Trial resulted in a verdict and judgment in his favor for $1,800, and the case is here on appeal.

Appellants are corporations engaged in the mercantile business in the city of Hope, Arkansas, and appellee was an employee in the store operated by them. Appellants' store is divided into three parts, the front part being the sales room, the middle part being the shoe department and the rear being the stockroom. The floor in the shoe department was about two feet lower than the floors in the other two departments and a stairway consisting of two steps led to the floor of the shoe department from the sales room and the stockroom. The stairway leading from the shoe department into the stockroom was so constructed and arranged that the top part of the risers rested against the brick wall and the bottom part was toe-nailed to the oak floor in the shoe department. On September 21, 1933, while taking a bolt of goods from the stockroom, through the shoe department, to the sales room, he stepped upon the top step of the stairway leading from the stockroom to the shoe department and the toe-nailing at the bottom came loose, the stair slipped forward upon the floor and caused appellee to fall, his back striking the concrete floor of the stockroom, which resulted in painful injuries to him. He reported the accident to appellants' manager, but made no claim for damages for a considerable period of time. He continued to work for appellants for several months thereafter. Shortly after the accident he repaired the steps by replacing them and toe-nailing them back into the floor just as they had been before the accident. Although his duties required him to walk over said stairway several times each day during his more than two years employment prior to the accident, he had never had occasion to notice how the steps were kept in position and had never noticed that they were loose or shaky. He instituted this action against appellants in September, 1935.

For a reversal of the judgment against them, appellants make two contentions, both relating to the refusal of the court to direct a verdict in their behalf. The first contention is that the uncontradicted evidence shows that the appellants were guilty of no negligence, and the second is, that, assuming for the sake of argument, ap-

pellants were guilty of negligence, he cannot recover because he assumed the risk.

■ Appellee's action is grounded on that principle of law that it is the duty of the master to exercise ordinary care to furnish its servants a reasonably safe place in which to work, and to make reasonable inspection from time to time to see that the place is kept reasonably safe. Appellants objected to an instruction to that effect because they insisted and still insist that there was no obligation on the part of appellants to make a reasonable inspection of the steps in question because that constituted a simple tool or appliance. The court further told the jury at the request of appellants that they were not insurers of appellee's safety, but that the only duty they owed him was to exercise ordinary care to provide steps that were reasonably safe for the uses for which they were to be put; and if the jury should find from the evidence that ordinary care was exercised, their verdict should be for the appellants.

Appellants insist that, because the carpenter who built the steps for appellants in the fall of 1929, some four years prior to the accident, testified that he built them in a workmanlike manner and that they were safe when they were constructed, but did not know how long they would stay safe, and because appellee testified that after the accident he nailed the steps back just as they were prior thereto, he is precluded from recovery. We cannot agree with appellants in this contention. We think the fact that the steps were built in a workmanlike manner in 1929 did not relieve appellants of the duty under the law of exercising ordinary care to see that the steps remained in a reasonably safe condition during the years thereafter, and that a jury question was presented as to whether appellants exercised such care under the circumstances. Appellants had a number of employees and these steps were frequently used by them every day, the appellee testifying that he had occasion to use them fifteen or twenty times daily, and another employee who witnessed the accident testified that he had to use them frequently after the accident, he having just been employed prior thereto. Appellee testified that there was

no fastening of the steps at the top, which we assume, from the jury's verdict, to be true, although appellants' manager testified that they were fastened or hooked at the top. Nor do we think the fact that appellee nailed the steps back just as they were before has any bearing on the question of appellants' liability for permitting the steps to become out of repair and dangerous to its employees. The question of appellants' negligence was submitted to the jury under instructions that are not here complained of, and we think, under all circumstances, a question for the jury was made.

■ Nor can we agree with appellants that appellee assumed the risk as a matter of law. The court correctly told the jury at appellants' request that an employee assumes the risks which are ordinarily incident to his employment, and that if they should find that appellee's injuries were sustained by reason of such a risk, their verdict should be for appellants. The jury found by its verdict that appellee did not assume the risk. Nor can we say as a matter of law that the defective condition of the stairway was so open and obvious that appellee, in the exercise of ordinary care for his own safety, was bound to know of it. The employee is not required to make inspection for latent or hidden defects, but is required to take notice of those that are patent and obvious. The employee does not assume the risk of the negligence of the master or any of his servants. These principles of law have been announced in numerous decisions of this court, and they are so well settled that we deem it unnecessary to cite them.

We find no error, and the judgment is affirmed.