**DUNCAN v. MONTGOMERY WARD & CO.**
**No. 11536.**

Circuit Court of Appeals, Eighth Circuit.
Jan. 23, 1940.

Rehearing Denied Feb. 12, 1940.

Kenneth W. Coulter and Edward H. Coulter, both of Little Rock, Ark. (O. W. Wiggins, of Little Rock, Ark., on the brief), for appellant.

Frank E. Chowning, of Little Rock, Ark. (L. E. Oliphant, Jr., of Chicago, Ill., and J. Merrick Moore and Lawrence B. Burrow, both of Little Rock, Ark., on the brief), for appellee.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an action for damages for personal injuries by a servant against his master. The injury complained of was alleged to be the proximate result of the negligence of a fellow servant. The action is based upon section 9123 of Pope's Digest of the Statutes of Arkansas which declares that all corporations shall be liable in damages for injuries sustained by an employee resulting from the negligence of a fellow employee.

At the close of all the evidence the defendant moved for a directed verdict, which was denied, and the jury returned a verdict in favor of the plaintiff for $16,500 on which a judgment was entered the same day. Within 10 days thereafter the defendant moved for judgment in accordance with its motion for a directed verdict and prayed for a new trial in the alternative pursuant to the provisions of Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The court granted the motion and ordered that the verdict and judgment previously entered be set aside, entered judgment for the defendant "in accordance with its motion for a directed verdict and notwithstanding the aforesaid verdict", and for costs. From this order and judgment the plaintiff appeals.

On this appeal these questions only are presented: 1. (a) Was Jake Jackson, appellant's co-employee, guilty of negligence (b) which was the proximate cause of the injury complained of? and 2. Is appellant barred from recovery by the doctrine of assumed risk? All other contentions of appellant, except the procedural question hereinafter noted, are conceded by counsel for appellee.

In answer to the first question appellant says (1) that the point was not properly raised in the motion for a directed verdict and (2) that in any event under the evidence this was a question for the jury. As to the second question the appellant says that the doctrine of assumed risk has no application to the case made by the pleadings and the evidence.

The material parts of defendant's motion for a directed verdict are as follows:

"First: The evidence introduced by plaintiff is insufficient to make a prima facie case and fails to establish the relation of employer and employee as between the defendant and Jake Jackson.

"Second: The evidence considered in its most favorable light on behalf of the plaintiff is insufficient to support any verdict that might be rendered the plaintiff against the defendant.

"Third: The evidence shows as a matter of law that the injury sustained by plaintiff, if any, on June 27, 1938, was the result of one of the ordinary risks and hazards of his employment which was open and obvious and known to and appreciated by him, and assumed by him as a part of his employment.

\*  \*  \*  \*  \*

"Fifth: That the plaintiff has failed to prove by a preponderance of the evidence that he was injured in the manner alleged in his complaint, and that if injured, that he was injured by any negligent act or acts on the part of Jake Jackson."

Rule 50(a) of the Rules of Civil Procedure provides that "A motion for a

directed verdict shall state the specific grounds therefor." Of the grounds of the motion for a directed verdict in this case the fifth is the only one which specifically refers to the alleged negligent act of Jake Jackson, and it does not present a question of law calling for the decision of the court. It charges that the "plaintiff has failed to prove by a preponderance of the evidence that he was injured 'in the manner alleged", etc. The matter of the "preponderance of the evidence" is a jury question, and not a law question.

The appellee contends that the first and second grounds of the motion are sufficiently specific to satisfy the requirements of Rule 50(a). These grounds in brief allege that the evidence "is insufficient to support any verdict that might be rendered the plaintiff against the defendant." Assuming without deciding that this is sufficiently specific under the rule to charge that the evidence is insufficient to go to the jury on the question of whether or not Jake Jackson committed the negligent act complained of or, if he did, that that act was the proximate cause of the alleged injury, we think the court erred in sustaining it.

The jurisdiction of the federal court is based upon diversity of citizenship; and the question here presented is controlled by the law of Arkansas. The application of the Arkansas law requires a brief statement of the pertinent facts.

The complaint alleges that plaintiff and his co-employee, Jake Jackson, were ordered by their employer, the defendant, to deliver an ice box weighing in excess of 400 pounds; that while in the act of lowering the ice box from the rear of the truck on which it was transported to the delivery platform Jackson suddenly, negligently and without warning raised his side of the box, thereby throwing practically the entire weight of the box on plaintiff, then in a hazardous position, resulting in the serious injury for which damage is sought.

The evidence disclosed that for the purpose of unloading the ice box, which weighed between 350 and 450 pounds, plaintiff and Jackson backed the truck up to the unloading platform and let down the rear end gate, which projected about three feet over the edge of the platform and was 10 or 12 inches above the platform floor. They had delivered several such boxes; and in so doing they had always called signals to each other and Jackson had always observed such signals. In carrying the ice box from the front end of the truck Jackson, facing the rear of the truck, grasped the bottom of the box, and plaintiff took hold of the opposite side in a similar way and walked backward to the rear of the truck. They could not see each other as they proceeded. Having taken hold of the box, plaintiff called "Alright", and they attempted to carry the box to the platform in one continuous operation. It was necessary to walk in a stooped position until they emerged from the body of the truck. When they arrived on the projecting end gate plaintiff "hollered, 'Hold it, Jake, take it easy; I am stepping down.'" At that moment, just as plaintiff was stepping down from the end gate to the platform, without giving any signal or warning, Jake "tilted" the box over toward plaintiff by suddenly raising his side of the box some six or eight inches. At the moment the weight came upon plaintiff as he stepped down to the platform, he felt a pain in his back; and he testified: "I hollered, 'Set it down, Jake * * * I can't do any more; I hurt my back.'" The injury proved to be serious.

The appellee contends, and the trial court in an opinion seems to agree, that the evidence was not sufficient to sustain a finding (1) that the act of Jackson in raising his side of the box under the circumstances was negligent, nor (2) that, if negligent, it was the proximate cause of the injury. The appellant, to support his contention that the court was in error, relies upon Mississippi River Fuel Corporation v. Senn, 184 Ark. 554, 43 S.W.2d 255; Border Queen Kitchen Cabinet Co. v. Gray, 189 Ark. 1137, 76 S.W.2d 305; Phillips Petroleum Co. v. Jenkins, 190 Ark. 964, 82 S.W.2d 264; and similar cases. The appellee does not distinguish the facts in these cases from the facts in the case at bar, but claims that the rule there announced has been repudiated in more recent decisions of the Supreme Court of Arkansas. Counsel for appellee rely upon St. Louis-San Francisco R. Co. v. Burns, 186 Ark. 921, 56 S.W.2d 1027; St. Louis-San Francisco R. Co. v. Bryan, 195 Ark. 350, 112 S.W.2d 641; Missouri Pac. R. Co. v. Vinson, 196 Ark. 500, 118 S.W.2d 672; St. Louis-San Francisco R. Co. v. Ward, 197 Ark. 520, 124 S.W.2d 975; and St. Louis-San Francisco R. Co. v. Childers, 197 Ark. 527, 124 S.W.2d 964.

As applied to the facts of this case we do not find the Arkansas decisions relied upon by the respective counsel for the

parties inconsistent. When read together they establish as the law of Arkansas the following principles applicable to the case now before us for decision:

■ In order to warrant a finding that negligence is the proximate cause of the injury, it must appear that the injury was the actual and probable consequence of the negligence, and that it ought to have been foreseen in the light of the attending circumstances. St. Louis-San Francisco R. Co. v. Bryan, supra; Mays v. Ritchie Grocer Co., 177 Ark. 35, 5 S.W.2d 728; Missouri Pac. R. Co. v. Vinson, supra; St. Louis-San Francisco R. Co. v. Childers, supra.

■ Negligence is never presumed, but the burden is on the party asserting it to establish the fact by a preponderance of the evidence. The test is whether the acts of the fellow servant were those that a person of ordinary prudence would have done under the circumstances. Where fair-minded men might differ honestly as to the conclusion to be drawn from the facts the question is one for the jury. The fact that the verdict is contrary to the preponderance of the testimony furnishes no ground for reversal. St. Louis-San Francisco R. Co. v. Ward, supra; Mississippi River Fuel Corp. v. Senn, supra; St. Louis-San Francisco R. Co. v. Burns, supra.

■ To establish the negligence of a fellow servant as the proximate cause of an injury it is essential to show that his act was one a person of ordinary prudence would not have done under the circumstances and that there was some inattention, disobedience to orders or other misconduct in the performance of duty that caused the injury. It can not be left to conjecture. Accident must be excluded. St. Louis-San Francisco R. Co. v. Bryan, supra; St. Louis-San Francisco R. Co. v. Childers, supra; St. Louis-San Francisco R. Co. v. Ward, supra; St. Louis-San Francisco R. Co. v. Vinson, supra.

■ On a motion for a directed verdict the evidence must be considered in its most favorable light on behalf of the plaintiff, and if there is substantial evidence in support of the issues tendered by the plaintiff they must be submitted to the jury. Missouri Pac. R. Co. v. Medlock, 183 Ark. 955, 39 S.W.2d 518; St. Louis-San Francisco R. Co. v. Burns, supra.

■ In the instant case the evidence showed that plaintiff and Jackson, his fellow servant, were engaged in delivering ice boxes for the defendant and that when working on opposite sides of the box where they could not see each other plaintiff gave signals which Jackson obeyed. On the occasion in question Jackson did not heed the signal given. When the plaintiff called, "Hold it, Jake, take it easy; I am stepping down", Jackson disregarded the signal. That language informed him of the perilous position of plaintiff. Jackson knew the weight of the ice box, that plaintiff was in the act of stepping down from the end gate to the platform, and that it was his duty to "hold" the box and not raise and "tilt" its weight on plaintiff. Further, Jackson owed plaintiff a duty, without reference to signals, to exercise due care for his safety and not to throw the weight of the ice box upon him without notice. This duty he violated. It is the law of Arkansas that when men are working together "each [has] a right to expect that his fellow workmen [will] exercise due care in the premises for the safety of the others." Texas Pipe Line Co. v. Johnson, 169 Ark. 235, 275 S.W. 329, 331; St. Louis Southwestern R. Co. v. Smith, 102 Ark. 562, 145 S.W. 218. Clearly the question of Jackson's negligence was a jury question.

■ It is equally clear that the question of proximate cause was properly submitted to the jury. There was substantial evidence to warrant the jury in finding that the injury was the direct result of the sudden and unexpected "tilting" of the ice box in disobedience to the signal given by plaintiff. The severe pain was instantaneous. The plaintiff complained at once. The character of the injury was such, as described by the doctors who testified, that jury was justified in concluding that it could have resulted only from an unusual and extraordinary strain.

■ The third specific ground set out in the motion for directed verdict was that the evidence shows as a matter of law that the injury complained of was the result of the risks and hazards assumed by the plaintiff as a part of his employment. Assumed risk as a defense could under Arkansas law be effective only in case the injury was the result of some cause other than the negligent act of a fellow servant. The statute (sec. 9123 of Pope's Digest) makes a corporation employer absolutely liable for damages for injuries resulting from the negligence of a co-employee. The Supreme Court of Arkansas has held repeatedly that

a servant "does not assume the risk of danger or peril caused by the negligence of his fellow servants." Missouri & N. A. R. Co. v. Vanzant, 100 Ark. 462, 140 S.W. 587, 589; L. C. Burr & Co. v. Greenlee, 193 Ark. 705, 708, 102 S.W.2d 77, 78; St. Louis, I. M. & S. R. Co. v. Ledford, 90 Ark. 543, 119 S.W. 1123; St. Louis Southwestern R. Co. v. Burdg, 93 Ark. 88, 124 S.W. 239; Texas Pipe Line Co. v. Johnson, supra. Since the jury found that the injury resulted from the negligent conduct of Jackson, a fellow servant, that finding necessarily removes the question of assumed risk from the case.

Another alleged error of the trial court is his refusal to pass upon defendant's motion for a new trial. Except for the fact that counsel seem to regard the matter of great importance it would be passed by us without comment as without merit.

[16, 17] Rule 50(b) of the Rules of Civil Procedure provides that when a motion for a directed verdict made at the close of all the evidence is denied the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. It is further provided: "Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict * * * A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative."

After the defendant's motion for a directed verdict was denied by the court, the case submitted to the jury, a verdict returned for plaintiff and a judgment entered thereon, defendant within 10 days filed a motion for judgment notwithstanding the verdict and for a new trial in the alternative. The prayer of that motion was: "Wherefore, the defendant prays that the verdict of the jury herein, and the judgment rendered and entered thereon, be set aside, and a judgment rendered and entered herein in favor of the defendant; and defendant further prays in the alternative that in the event the Court refuses to set aside the verdict rendered for the plaintiff and the judgment in favor of the plaintiff rendered and entered on said verdict,

and refuses to render and enter judgment herein in favor of the defendant notwithstanding said verdict and judgment, that the court set aside said verdict and judgment on behalf of the plaintiff and grant the defendant a new trial herein."

The order of the court was "that the said motion be and the same is hereby granted; that the said verdict and the judgment herein entered thereon * * * be and the same are hereby set aside; that judgment in this cause be and it is hereby entered for the defendant in accordance with its motion for a directed verdict and notwithstanding the aforesaid verdict * * ."

For the reasons heretofore recited that judgment must be reversed. Counsel ask, What, in such a case, becomes of the motion for a new trial when the case is remanded? We have set out the prayer of defendant's motion because a careful reading thereof fully answers the question.

Strictly speaking the motion did not pray for relief in the "alternative", giving the court a choice between two propositions either of which he might grant in the first instance. The court was asked to rule on the motion for a new trial only "in the event" he "refuses to set aside the verdict * * * and judgment * .* * and refuses to enter judgment herein in favor of the defendant. * * *" The court having granted the prayer of the motion as made did not err in not ruling on the motion for a new trial. The condition on which the court was asked to grant a new trial did not come into existence. The new rules are not intended to prolong litigation by permitting litigants to try cases piecemeal. Their purpose would not be accomplished if when relief is asked on condition or in the alternative the successful party could on reversal go back to the trial court and demand a ruling on his conditional or alternative proposition. The order sustaining the motion for judgment notwithstanding the verdict was equivalent to a denial of the motion for a new trial; and the latter motion passed out of the case upon the entry of the order.

The order and judgment appealed from is reversed with direction to the district court to reinstate the verdict of the jury and the judgment entered thereon.