CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* HARRIS.

Opinion delivered May 20, 1912.

1. MASTER AND SERVANT—SUFFICIENCY OF PROOF OF NEGLIGENCE.— Where plaintiff, engaged in the service of defendant railway company, was injured while assisting in removing an iron beam from a flat car, and there was evidence tending to prove that his injuries were caused by the negligence of a fellow servant, a finding against the railway company will be sustained. (Page 511.)

2. INSTRUCTIONS—REPETITION.—It was not error to refuse to give an instruction which was sufficiently covered by an instruction given. (Page 512.)

3. MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANT—AS-SUMED RISK.—Where plaintiff's injuries were due to the negligence of a fellow servant in the service of the defendant railway company, the doctrine of assumed risk did not apply. (Page 512.)

4. CONTINUANCE—ABSENCE OF WITNESS.—It was not error to deny a continuance on account of the absence of a witness where he was out of the jurisdiction of the court, and not amenable to its process. (Page 512.)

Appeal from Union Circuit Court; *George W. Hays,* Judge; affirmed.

*Thos. S. Buzbee* and *Geo. B. Pugh,* for appellant.

1. The appellee showed no right to recover. A charge of negligence can not be sustained by showing that the person charged refused to risk life or limb in an effort to save another from injury, even though there be some evidence to show that by so doing both might have escaped. The principle of self-preservation prevails. 4 Bl. Comm., Chitty (6 ed.), 140, 187. The situation presented an emergency where there was no time for deliberation. 67 Ark. 209; 55 *Id.* 248; 57 *Id.* 306; 72 S. W. 219; 62 Am. Dec. 233; 12 A. & E. R. Cas. 86; 17 Am. St. 476. If appellant is liable, it is only because the servant was liable. There is no allegation of negligence except upon

the doctrine of *respondeat superior.* 58 Ind. 121; 66 *Id.* Me. 32 Am. Rep. 114; 130 Mass. 102; 39 Am. Rep. 476; 82 547; 240; 17 Am. St. 476; 81 Pac. 859; 43 Conn. 244; 105 Ga. 271; 31 S. E. 179; 21 Am. Rep. 647.

2. If the negligent acts were done at Harris's direction, he could not recover. 31 Iowa, 373-6.

3. The defense of assumed risk was excluded from the jury. 138 S. W. 469.

*Ben D. Brickhouse* and *Mahoney & Mahoney,* for appellee.

1. The shipwreck case in 4 Blackstone, Com. is not in point.

2. Martindale was negligent. 67 Ark. 209; 89 *Id.* 534; 43 Minn. 42. The law imposes the exercise of ordinary care and prudence, and in considering what this is, under a given state of facts, regard must be had for the danger to be apprehended, and reasonable probability of incurring it, as well as the natural presumption that other persons will discharge their duty and act with due care. Cases *supra.*

3. Appellant was liable, even if Martindale was not, under *respondeat superior.* 200 Mo. 347; 9 A. & E. Ann. 658.

McCulloch, C. J. The plaintiff received personal injuries while working in the service of defendant company at El Dorado, Arkansas, and he sued for and recovered in the court below a judgment for damages. He was a boilermaker, and when he received his injuries was engaged in removing from a car a steel or iron beam, which was fifteen inches wide, six inches thick, seventeen feet long, and weighed about 1,400 pounds. He was instructed by his foreman to remove the beam from a flat car so as to alter or repair the beam. There were two of the beams on the car, and, after he had detached them from each other, he called on the foreman for a gang of men to help him get them off the car. Several men were furnished, and they proceeded to remove the beam. They rolled a baggage truck up against the car, and decided that it was best to shove the beam off the flat car diagonally across the truck and thence to the ground. Two of the men were on the car with crow bars pushing or "pinching" the beam along in an effort to get it from the car to the truck. Plaintiff

and a helper named Martindale were standing on the ground beside the truck with crow bars in their hands for the purpose of guiding or controlling the beam as it came off the car. Plaintiff told the men on the car to shove the beam, which they did, and it came with greater force and velocity than expected against the crow bars in the hands of plaintiff and Martindale, and the latter at once deserted the place and hastily made his escape. Plaintiff endeavored to hold the beam back, at the same time calling on Martindale to help him, but the beam rode down his crow bar and its weight pressed him to the ground and crushed his foot, causing very serious injury, and also seriously injured one of his hands.

The correctness of the amount of his recovery, if he was entitled to recover at all, is not raised.

Learned counsel for defendant insist that plaintiff and his companion, Martindale, were suddenly and unexpectedly placed in a dangerous position from which one or both of them might have escaped, and that it was not an act of negligence on the part of Martindale to endeavor to escape from the danger, although it amounted to a desertion of the plaintiff at the moment of his peril. They liken the situation to Blackstone's illustration of the two shipwrecked men clinging to the same plank where one of them thrust the other from it for his own safety, and was held excusable on the ground of unavoidable necessity in his own protection. Counsel insist that there is no evidence to sustain the finding of negligence on the part of Martindale. There is, however, evidence which warranted the jury in finding that Martindale deserted his post when by reasonable effort and care he could have saved his companion without jeopardizing his own safety. There is some evidence tending to show that the joint effort of two men would have resulted in holding back the beam and prevented the injury to either of them, and that in the face of that opportunity Martindale abandoned his post of duty and left his companion in his peril. This question was properly submitted to the jury, and, there being evidence to sustain the finding, we feel bound by the verdict of the jury on that issue. Plaintiff and Martindale were fellow-servants, and their employer was, under the statutes of this State, responsible to the injured one for damages resulting from neg-

ligent act of the other. It is earnestly contended that, Martindale being confronted with an emergency and himself placed in a perilous position, it should not be said that he was guilty of negligence in quitting his work for the purpose of protecting himself from danger. That, we think, was a question of fact for the determination of the jury, and it can not be said as a matter of law whether Martindale was or was not guilty of negligence. His conduct must be measured by that of a reasonably prudent man under like circumstances, and this was peculiarly a question for the jury.

The question of plaintiff's alleged contributory negligence was also one for the jury, and this was submitted under appropriate instructions. His testimony tended to show that he exercised proper care for his own safety, and did not select a known dangerous method of doing the work.

Error of the court is assigned in refusing to give an instruction (3) requested by defendant, but this instruction was sufficiently covered by another requested instruction which the court gave.

It is also contended that the court erred in giving the first instruction requested by the plaintiff, which it is claimed excluded the defense of assumed risk. If plaintiff's injury occurred, as claimed, by reason of the negligence of his fellow-servant, then the doctrine of assumed risk could not apply, and that question was not in the case. *St. Louis, I. M. & S. Ry. Co.* v. *Ledford,* 90 Ark. 543.

The remaining assignment of error is as to the court's action in overruling the defendant's motion for a continuance in order to procure the testimony of Martindale, who was absent. The case came on for trial about four months after it was instituted. It appears from the motion that when the action was commenced Martindale had quit the defendant's service and had moved to the State of Texas, where he was working at a gin. He was interviewed by one of defendant's agents, and promised to attend the trial, but failed to do so. He was communicated with by telephone; and when it was found that he would not attend on account of inability to get some one to work at his place at the gin, the motion for a continuance was presented to the court. Our conclusion is that the court did not abuse its discretion in

refusing a continuance on this ground. The witness was out of the jurisdiction of the court, and was not amenable to the court's process. Defendant had abundant time to take the deposition of the witness, and could have done so, but preferred to take chances on the personal attendance of the witness at the trial of the case. Having taken these chances, it can not now complain that the witness failed to appear as promised.

Upon the whole, we find the record entirely free from error, and that there was evidence sufficient to sustain the verdict. The judgment is therefore affirmed.