## JAMES *v.* STATE.

### Opinion delivered October 2, 1916.

1. TRIAL—CONTINUANCE—ABSENT WITNESSES.—A continuance on the ground that certain material witnesses were absent was properly refused, when the appellant failed to point out to the trial court the circumstances under which the witnesses were absent, and also failed to show the facts on which he based his claim that he could procure their attendance at a subsequent date.

2. TRIAL—CONTINUANCE—CUMULATIVE TESTIMONY—ABSENT WITNESSES. —The trial count is not required to grant a continuance on account of the absence of certain witnesses, where their testimony would be merely cumulative of other testimony offered at the trial.

3. EVIDENCE—AGE OF PROSECUTING WITNESS—ENTRIES MADE BY FAMILY PHYSICIAN.—In a prosecution for carnal abuse it was set up by way of defense that the prosecutrix was over sixteen years of age at the time the act was committed. *Held,* it was competent for a physician to testify, from records made by himself at the time, the date upon which a child was born to the parents of the prosecutrix.

4. EVIDENCE—AGE OF PROSECUTRIX—ENTRIES IN FAMILY BIBLE.—In a prosecution as stated above the father of the prosecutrix may testify concerning an entry in the family Bible as showing the age of the prosecutrix.

5. TRIAL—ARGUMENT OF COUNSEL—CARNAL ABUSE—ACTS SHOWING AGGRAVATION.—In a prosecution for the crime of carnal abuse, it is proper for the prosecuting attorney in argument to comment upon the fact that the defendant was a married man at the time he committed the crime charged in the indictment.

Appeal from Washington Circuit Court; *J. S. Maples*, Judge; affirmed.

*John Mayes*, for appellant.

1. It was error to refuse a continuance. The application was based upon sufficient and legal affidavit. 99 Ark. 394; *Ib.* 547; 110 *Id.* 409; 94 *Id.* 538; *Ib.* 169; 21 *Id.* 460; 60 *Id.* 564.

2. The testimony of Dr. Christian and Sam Fink was incompetent and prejudicial. 62 Ark. 562; 57 *Id.* 402, 416; 65 *Id.* 316; 60 *Id.* 333; 94 *Id.* 183, 190; 111 *Id.* 596; 2 Wigmore on Ev. §§ 1521-3-5-6; 66 Fed. 522; 70 N. W. 1023.

3. The remarks of counsel were improper and prejudicial.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1. The motion for continuance was properly overruled. The allegations were too indefinite; no diligence is shown nor the materiality of the testimony. Substantially all that appellant expected to prove was *cumulative* merely. 100 Ark. 132; 84 *Id.* 20; 77 *Id.* 146. No abuse of discretion is shown. 94 Ark. 168; 94 *Id.* 172.

2. The evidence of Dr. Christian and Fink was competent and properly admitted. 10 Rul. Case Law, 1185; 15 Ark. 604; 10 Rul. Case Law, 1137; 119 Cal. 620.

3. Improper argument is not ground for reversal where such language was provoked by counsel for adverse party. It was not prejudicial. 38 Cyc. 1501; 95 Ark. 326; 74 *Id.* 256; 103 *Id.* 352.

McCULLOCH, C. J. The defendant appeals from a judgment of conviction of the crime of carnal abuse. He did not testify in his own behalf, and the fact of his having

had sexual intercourse with the girl named in the indictment was established by abundant testimony; but the principal defense was that the girl was not shown to be under sixteen years of age.

(1-2). Defendant moved for a postponement of the trial to a subsequent term of the court in order to enable him to procure the attendance of two witnesses by whom he expected to prove that the girl had admitted that she was more than sixteen years of age. The principal assignment of error concerns the ruling of the court in refusing to postpone the trial. It is alleged in the motion that subpoenaes had been issued for the absent witnesses, and that they could not be found by the sheriff, and were temporarily out of the State, but that their attendance could be procured at the next term. The whereabouts of the witnesses was not stated, nor was there any statement of fact upon which the assertion was based that their attendance could be procured at the next term. The motion was therefore not conclusive of the right to a postponement of the case, and we cannot say that the court abused its discretion in refusing to grant the continuance. Defendant should have pointed out to the court the circumstances under which the witnesses were absent, and shown the facts on which he based his claim that he could procure their attendance at a subsequent date. Besides that, there were other witnesses who testified to the same fact concerning the statements of the girl as to her age; and the testimony being cumulative there was no error in refusing to postpone the trial to obtain it.

(3-4) The next assignment relates to the ruling of the court in permitting a physician to testify concerning the date of the birth of the girl. The physician, Dr. Christian, produced his books which showed an entry of a charge against the girl's father for professional services on a certain day, and the entry in connection with the explanation of the physician showed that it was a case of child-birth. The physician testified that he made the entry immediately after the occurrence, probably the next day, and that he knew from the entry that a child had been born to those parents on that day. The

entry in the book did not show whether the child was a girl or a boy, and the physician did not pretend to have any recollection on that subject, but the other testimony identified this girl as being the child that was born on that occasion. The entry, in connection with the testimony of the physician establishing its authenticity, was competent evidence tending to show the date of the birth of the girl on whose body the defendant committed the crime. *St. Louis, Southwestern Ry. Co.* v. *White Sewing Machine Co.*, 78 Ark. 1. For the same reason, the testimony of the girl's father concerning an entry in the family Bible was competent evidence tending to show the age of the girl.

(5) There is another assignment of error concerning the alleged improper argument of the special counsel for the State. It developed in the testimony that the defendant was a married man and had a baby about two months old at the time the alleged offense was committed, and the attorney in his closing argument commented on that fact. We think that it was proper to call to the attention of the jury the fact that the defendant was a married man, in aggravation of the offense, and it was not improper for the jury to consider that fact in fixing the punishment.

Judgment affirmed.