## JOHNSON *v.* PLUNKETT-JARRELL GROCER COMPANY.

### Opinion delivered January 29, 1917.

1. MASTER AND SERVANT—ASSUMED RISK.—A servant does not assume the risk of injury caused by the negligent act of a fellow servant until he obtains knowledge of, and appreciates the danger incident to a continuation of his services.

2. NEGLIGENCE—PERSONAL INJURY—NEGLIGENCE OF PLAINTIFF IN CARING FOR THE INJURY.—Where an injury received by plaintiff, due to defendant's negligence, is aggrevated through plaintiff's own neglect of the same, the defendant is not responsible for the enlarged injury.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; reversed.

*L. L. Campbell* for appellant.

1. The court erred in submitting the question of assumed risk to the jury. The law is now settled that a servant does not assume the risk of injury due to the negligence of a fellow servant. Acts 1907, March 8, § 1; 103 Ark. 509; 90 *Id.* 543; 98 *Id.* 145; 100 *Id.* 462. This error embodied in instruction No. 2 was prejudicial. 67 Ark. 604; 69 *Id.* 139; 71 *Id.* 372. It does not affirmatively appear that the error was harmless. 104 U. S. 630; 17 Wall. 639; 51 *Id.* 177.

2. It was error to give instruction No. 7. 128 La. 1050; 125 Mo. App. 159; 105 Tenn. 29; 33 S. W. 693; 60 Ill. App. 440; 50 Ill App. 351; 73 *Id.* 572; 23 Ohio C. C. 268. No such ·issue was raised by the pleadings and it singles out the evidence as to prompt medical attendance to the injured hand. There is no evidence of negligence by plaintiff in the treatment of the wound. 33 S. W. 693; 60 Ill. App. 440., etc., *supra.*

*Otis W. Scarborough* and *M. M. Stuckey,* for appellee.

1.  The court did not err in submitting the question of assumed risk to the jury. It was not abolished by the Act of March 8, 1907, nor any other act and it need not be proven by direct evidence, but may be established by circumstances. 123 Ark. 119; 122 *Id.* 127; *Ib.* 125; 121 *Id.* 556; 119 *Id.* 477; 188 *Id.* 304; 116 *Id.* 284; 116 *Id.* 56; 113 *Id.* 359; 110 *Id.* 456; 109 *Id.* 288; 108 *Id.* 483; 107 *Id.* 564; 106 *Id.* 575; *Ib.* 436.

2.  The court did not err in giving instruction No. 7. The jury found that defendant was guilty of no negligence and this instruction becomes an abstract issue. However, it is correct. If plaintiff, by his own failure to use reasonable care in the treatment of a slight wound caused the injury to be greatly enhanced or aggravated, defendant would not be liable for the aggravation caused by his own negligence. 67 Ark. 371; 78 *Id.* 366; 92 *Id.* 276; 96 *Id.* 78; 102 *Id.* 246; 79 *Id.* 484.

HUMPHREYS, J.    The appellant, Manuel Johnson, brought suit against appellee, Plunkett-Jarrell Grocer Co., in the Jackson circuit court to recover damages for an injury to his hand inflicted by the negligent act of a fellow servant, LeRoy Thomas, in the following manner:

They were engaged in opening a meat crate hooped by wire bands and while he was untying the wires at one end, LeRoy Thomas pulled the wires off the other end and negligently lifted the lid, thereby springing the wire into the hand of appellant, which caused his right hand to become paralyzed, atrophied and ankylosed.

In addition to denying all the allegations of the complaint, appellee set up as a defense contributory negligence and assumed risk on the part of appellant. The trial resulted in a verdict for appellee and the case is here on appeal.

Two alleged errors are insisted upon for reversal. The first is that the court submitted the question of assumed risk to the jury. The weight of the evidence establishes the fact that Manuel Johnson and LeRoy Thomas were fellow servants in the employ of appellee. Appellant's testimony tends to prove that appellant received an injury to his hand while unraveling the wire on one end of a meat crate, through the negligent act of LeRoy Thomas in suddenly lifting the other end of the lid to the crate and springing the wire into appellant's right hand. Appellee's testimony tended to prove that appellant was working on the crate alone, and cut his own hand on the wire.

(1)    A servant does not assume the risk of injury caused by the negligent act of a fellow servant until he obtains knowledge of it and appreciates the danger incident to a continuation of his services. *Mo. & N. A. Rd. Co.* v. *Van Zant,* 100 Ark. 462; *C., R. I. & P. Ry. Co.* v. *Harris,* 103 Ark. 509.

When requested by appellant, the court should have eliminated from instruction No. 2 the following clause: *"Unless you find from the evidence that the plaintiff assumed the risk of thus being injured."*

(2)    The second alleged error urged for reversal is the giving of Instruction No. 7 by the court. The instruction is as follows:

"You are instructed that the plaintiff makes no allegations in his complaint that the defendant owed him any duty or was under any obligation to furnish him medical attention for the cut on his hand alleged to have been inflicted by LeRoy Thomas; now, if you find from the evidence that the condition of plaintiff's hand as alleged in his complaint is due to his negligence in not having the cut thereon promptly given proper medical treatment, or is the result of an infection due to his negligence in failing to have the alleged cut given proper medical treatment, and yet you believe from a preponderance of the evidence that plaintiff is entitled to recover under the instructions in this case, then your verdict should be for only such damages as

are the result of the original injury, if any; in other words, the plaintiff can only recover, if at all, damages occasioned by the negligence of LeRoy Thomas, which was the proximate cause of the present injury."

Appellee's testimony tended to prove that the permanent injury to the hand, described as atrophied and ankylosed, was the result of negligence on the part of appellant in not caring for the slight injury received in the first instance; and that his failure and refusal to follow instructions of the physician in charge of the case, extended and enlarged the injury.

If the injury was enhanced or aggravated through the negligence of appellant, it would be improper to mulct appellee in damages for the enlarged injury. On this phase of the case appellee was entitled to instruction No. 7 as given.

For the error pointed out in instruction No. 2 given by the court, the judgment is reversed and the cause remanded for a new trial.