HOLLINGSHEAD *v.* AMERICAN RAILWAY EXPRESS COMPANY.

Opinion delivered April 12, 1920.

1. MASTER AND SERVANT—EXPRESS COMPANY LIABLE FOR FELLOW-SERVANT'S NEGLIGENCE.—Express companies are responsible to a servant injured by the negligent act of a fellow-servant the same as if the negligence was that of the master.

2. MASTER AND SERVANT—ASSUMED RISK.—A servant does not assume the risk of injury caused by the negligent act of a fellow-servant until he obtains knowledge of and appreciates the danger incident to a continuation of his service.

3. MASTER AND SERVANT—QUESTIONS FOR JURY.—In an action by an express company's employee for personal injury caused by the negligence of a fellow-servant, questions of the company's negligence and assumed risk *held* for the jury.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*Brundidge & Neelly,* for appellant.

The evidence makes out a case on the question of negligence sufficient to go to the jury, and it was error to direct a verdict for defendant. 103 Ark. 509; 102 *Id.* 562; 127 *Id.* 243. There is no question but that there was sufficient evidence to take the case to a jury.

*Mehaffy, Donham & Mehaffy,* for appellee.

The testimony of plaintiff himself and others shows no negligence or want of care on the part of the

express company, and plaintiff certainly from all the testimony assumed the risk, as the danger was open and obvious to a man of ordinary intelligence.   135 Ark. 563; 98 *Id.* 211; 105 *Id.* 437; 108 *Id.* 490; 107 *Id.* 564; 106 *Id.* 436; 82 *Id.* 534; 98 *Id.* 202; 101 *Id.* 197; 103 *Id.* 61; 108 *Id.* 377; 89 *Id.* 50; 97 *Id.* 486.   The court properly directed a verdict.   204 S. W. 310.

HUMPHREYS, J.   Appellant instituted suit against appellee in the White Circuit Court to recover damages for an injury to his hand, inflicted by the alleged negligent act of a fellow servant in carelessly shoving or turning loose a barrel of coca-cola when unloading same out of an express car onto a truck at Kensett, Arkansas.

Appellee filed answer, denying that its employee, or messenger, unloaded the barrel of coca-cola in a careless or negligent manner, as alleged in the complaint, and, as an additional defense, alleged that appellant assumed the risk incident to unloading the barrel containing the coca-cola.

At the conclusion of the evidence, the court instructed a verdict for appellee and rendered judgment thereon, dismissing the complaint, from which judgment an appeal has been duly prosecuted to this court.

The theory upon which the verdict was instructed and judgment rendered was that the undisputed evidence disclosed that appellee's messenger was guilty of no negligence in unloading the barrel, and that the injury resulted from the risk assumed by appellant incident to the task.

The evidence disclosed that the usual method of unloading barrels of this character was for the messenger to roll the barrel to the door and set it on end, then help hand or slide it down on the truck about two feet below the car door sill with the assistance of the receiving party standing on the truck; that such barrels weigh about 200 pounds and are too heavy for one man to handle.   Appellant testified, in substance, that in this particular instance, the messenger either shoved the barrel out of the

door or turned it loose as it was coming out, in such manner that when the bottom end hit the truck, the top end fell back against the iron door sill and caught his left hand between the barrel and sill, crushing and mangling his fingers; that, as the barrel came out of the door, he caught hold of it, thinking the messenger was going to hold it, but, as he reached and got a half-hold on it, the messenger turned it loose.

The evidence just detailed tended to show that the injury to appellant's hand resulted from the negligence of a fellow servant in the employ of the appellee; and also tended to show that it was inflicted suddenly and before appellant appreciated, or could, in the exercise of ordinary care, appreciate, the danger incident to reaching for and trying to catch the barrel.  Under the rules announced in *St. L. S. W. Ry. Co.* v. *Burdg,* 93 Ark. 88, and reiterated in *St. L. S. W. Ry. Co.* v. *Smith,* 102 Ark. 562; *C., R. I. & P. Ry. Co.* v. *Harris,* 103 Ark. 509. and *Johnson* v. *Plunkett-Jarrell, Grocer Co.,* 127 Ark. 243, that companies of the character of appellee are "responsible to a servant who, while exercising due care for his own safety, is injured by the negligent act of a fellow servant, the same as if the negligence was that of the master," and that "a servant does not assume the risk of injury caused by the negligent act of a fellow servant until he obtains knowledge of, and appreciates the danger incident to a continuation of his services," as applied to the facts in the instant case, justified the submission to the jury of the questions of negligence on the part of appellant and assumed risk incident to employment on the part of appellee, and it was error on the part of the court to take those questions from it.  Both were questions of disputed fact for determination by the jury.

The judgment is therefore reversed, and the cause remanded for a new trial.