HARMON v. STATE.

Opinion delivered October 31, 1921.

1. CONTINUANCE—ABSENCE OF WITNESS.—It was not error to refuse a continuance upon account of the absence of a witness who was without the jurisdiction of the court. and not amenable to its process, in the absence of a showing that his attendance could be procured within a reasonable time.

2. CONTINUANCE—SICKNESS OF WITNESS.— A motion for continuance on account of the absence of a witness alleged to be sick was properly denied where it was not substantially shown that the witness was sick or that her attendance could be procured at the next or at any subsequent term of the court.

3. CONTINUANCE—CUMULATIVE TESTIMONY.—Refusal of a continuance for the absence of witnesses was proper where their testimony would have been cumulative.

Appeal from Sharp Circuit Court, Northern District; D. H. Coleman, Judge; affirmed.

Geo. T. Humphries, for appellant.

J. S. Utley, Attorney General; Elbert Godwin and W. T. Hammock, Assistants, for appellee.

There was no error in the verdict of the jury. The evidence was amply sufficient. 135 Ark. 117; 136 Ark. 385.

The court did not err in refusing a continuance due diligence not being shown. 121 Ark. 17; 123 Ark. 561; 103 Ark. 509; 62 Ark. 543; 125 Ark. 269.

A continuance will not be granted for the purpose of procuring evidence that is purely cumulative. 79 Ark. 594; 82 Ark. 203; 86 Ark. 317; 100 Ark. 149; 120 Ark. 562.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Sharp Circuit Court for the crime of robbery, and as a punishment therefor was sentenced to serve a term of five years in the State penitentiary. An appeal has been duly prosecuted to this court from the judgment of conviction.

Appellant's only insistence for reversal is that the court erred in denying his motion for a continuance. The identity of the appellant as the person who committed the robbery, and whether he was present, or was elsewhere, when the robbery was committed, were vital issues in the case. Among other marks of identity, the witnesses for the State identified appellant by a red beard of several days' growth. The evidence adduced in behalf of the appellant tended to show that he had been shaved on the evening of the day before the robbery. The State's evidence tended to show that appellant committed the robbery at about 8:30 p. m. on March 25, 1921. The evidence adduced in appellant's behalf tended to show that at that particular time he was at or near Franklin, a distance of from eight to twelve miles from the home of Andy McConnell, upon whom and in whose house the robbery was committed.

Appellant requested a continuance in order that he might obtain the evidence of Preston Jennings, who, if present, would testify that he shaved appellant close all over the face on the evening of the day before the robbery, and that he might obtain the evidence of Cleffie Majors, who would testify, if present, that she

saw appellant in her home at 8 o'clock on the night of the robbery, about nine miles from where the robbery was committed.

It was stated in the motion for a continuance that a subpoena had been issued for Preston Jennings, directed to the sheriff of Izard County, which was the residence of said witness, but that the subpoena had been returned unserved; that the witness was absent from the State of Arkansas temporarily and would return in a very short time. It was also stated in the motion that a subpoena was issued and served upon Cleffie Majors, who was not in attendance on the court, because, according to appellant's understanding, she was physically unable to be present.

The record reflects that appellant and four other witnesses testified that appellant was shaved on Thursday evening March 24, 1921, and that appellant and three other witnesses testified, in substance, the same as the alleged testimony of the absent witnesses, in support of appellant's alibi.

Appellant's motion for a continuance was insufficient in that it failed to show where his witness Preston Jennings had gone or when he would return. Appellant should have made a showing that he could procure the attendance of the witness within a reasonable time, it appearing on the face of the motion that the witness was out of the jurisdiction of the court and not amenable to its process. *C. R. I. & P. Ry. Co.* v. *Harris,* 103 Ark. 509; *James* v. *State,* 125 Ark. 269.

The motion was also insufficient in that it failed to substantially show that Cleffie Majors was sick and unable to attend court, or that her attendance could be procured at the next or any subsequent terms of the court.

The court was justified in denying the motion for a continuance upon these grounds, as well as upon the ground that the testimony of the absent witnesses was cumulative.

No error appearing, the judgment is affirmed.