MAMA COAL COMPANY *v.* COLO.

Opinion delivered April 23, 1923.

1. MASTER AND SERVANT—FAILURE TO FURNISH PROPS—PROXIMATE CAUSE.—In an action by a coal miner for injury alleged to have been caused by the master's failure to furnish props as requested, testimony that plaintiff was injured by the fall of a rock from the roof of the mine, that he had previously requested props, and that if they had been furnished he would have propped the rock, *held* to make an issue as to whether or not the failure of the defendant to furnish props was the proximate cause of the injury.

2. MASTER AND SERVANT—FAILURE OF MINE OPERATOR TO FURNISH PROPS—LIABILITY.—Where a mine operator delegated to a driver the statutory duty to furnish props when requested, it is responsible for a failure resulting from the negligence of the agent chosen by it to perform such duty.

3. CONTINUANCE—ABSENCE OF WITNESS FROM STATE.—It was not error to refuse a continuance for the absence of a witness who had left the State after the action was brought, where the party moving for continuance never had a subpoena issued for him before his departure.

4. MASTER AND SERVANT—INSTRUCTION AS TO USE OF PROPS.—An instruction which, in the language of the statute (Crawford & Moses' Dig., § 7271) made it the duty of the owner, agent or operator of a coal mine "to keep a sufficient amount of timber when required to be used as props" was correct; the word "required" meaning requested or demanded.

5. APPEAL AND ERROR—INSTRUCTION—GENERAL OBJECTION.—An instruction in an action by a coal miner for injury caused by the master's failure to furnish props as requested, was not open to general objection in that it based the right to recover on the fact "that the failure to furnish props was the cause of his injuries," instead of the proximate cause of such injuries.

Appeal from Sebastian Circuit Court, Greenwood District; *John Brizzolara,* Judge; affirmed.

*T. D. Wynne,* for appellant.

Court erred in not directing a verdict for defendant. *Western Coal & Mining Co.* v. *Fountz,* 101 Ark. 205. Undisputed testimony shows that plaintiff had tested the particular rock that later fell and injured him, and concluded the place safe, and would not have used props

had they been furnished as requested. Case unlike *Western Coal & Mining Co.* v. *Watts,* 131 Ark. 562. Instruction No. 1, given for plaintiff, was erroneous. Section of statute should not have been included without proper explanation. *Bowerman* v. *Lackawanna Mining Co.,* 71 S. W. (Mo.) 1062. Same construction of word "required." Note 22 Ann. Cas. 1912-A 1238; also Words and Phrases. Instruction should have required jury to find that failure to furnish props was "proximate" cause of injury. *Western Coal & Mining Co.* v. *Watts, supra.* Court erred in refusing defendant's requested instructions numbered 3, 4, 5, 7 and 9, erroneously assuming that it had violated § 7172, C. & M. Digest, when defense was based on alleged negligent conduct of plaintiff himself.

*G. L. Grant,* for appellee.

No error in refusing to grant continuance. *C. R. I. & P. Ry.* v. *Harris,* 103 Ark. 509. Evidence supports the verdict, and no error in refusing to direct verdict. Case is controlled by *Western Coal & Mining Co.* v. *Watts,* 131 Ark. 562, and not like *Western Coal & Mining Co.* v. *Fountz,* 101 Ark. 205. The instruction used the word "demand," and, if improperly, a specific objection should have been made thereto. *Johnson* v. *Mammoth Vein Coal Co.,* 88 Ark. 243. Duty of miner to make his working place safe, but operator must furnish props when called for. *Mammoth Vein Coal Co.* v. *Bubliss,* 83 Ark. 567; *Johnson* v. *Mammoth Vein Coal Co., supra;* § 7271, C. & M. Digest; *W. C. & M. Co.* v. *Watts, supra.* No error in omitting the word "proximate," as no specific objection made, and with the instructions given the jury could not have been misled by such omission. *Ry.* v. *Booth,* 98 Ark. 297; *Eldorado Ice Co.* v. *Kinnard,* 96 Ark. 184. No error in refusal to give instruction 9. Point covered by instructions given.

HART, J. This is an appeal from a judgment obtained by Eugene Colo against the Mama Coal Company

for damages sustained as the result of a large rock falling upon him while at work in one of the rooms of the defendant's coal mine in the Greenwood District of Sebastian County, Ark.

It was alleged in the complaint that the injury was caused by a failure of the defendant to comply with the provisions of § 7271 of Crawford & Moses' Digest, requiring the operator of any mine to furnish props to the miners when required, and to deliver the same at the place where the cars are delivered.

It is first earnestly insisted by counsel for the defendant that the court erred in not directing a verdict in its favor.

Eugene Colo was a witness for himself. According to his testimony, he was injured while shoveling coal between the entry and the turn in the mine of the defendant on the 18th day of July, 1921. He was engaged in turning a room in the mine and making a cross-cut from one room to the other. He had ordered props from John Birch, the driver, on two days, and no one had delivered the props to him. There had been a shot fired in the room the evening before, and coal was scattered all over the room by reason of the explosion. When the plaintiff first went to work on the morning he was injured, he examined the roof of the mine and saw the rock which subsequently fell and injured him. The rock was in one corner of the room, and the plaintiff tested it with his pick. He thought it was secure, but it fell and severely injured him soon after he went to work. The plaintiff testified positively that he would have propped the rock if he had had props, and that the propping of the rock would have prevented it from falling.

Other evidence was introduced tending to corroborate the testimony of the plaintiff, both as to the way the injury happened and as to the extent of his injuries.

The testimony brings the case squarely within the rule announced in *Western Coal & Mining Co.* v. *Watts,* 131 Ark. 562. The plaintiff stated, both on his exam-

ination in chief and in his cross-examination, that he would have propped the rock in question if he had had the props. He stated that he was a miner of experience, and that it was his custom to always prop rocks of this character, whether he deemed them safe or not. He always used props as a matter of precaution. This made an issue as to whether or not the failure of the defendant to furnish props as required under the statute was the proximate cause of the injury to the plaintiff, and the jury finding that issue in favor of the plaintiff, under our rules of practice we cannot disturb the verdict.

Counsel for the defendant also insists that there was no liability because the plaintiff demanded the props of the driver of the defendant. The complaint alleges that the driver was the person whose duty it was to deliver the props. The answer of the defendant admits this to be true. The defendant also filed a motion for a continuance, and, as one of the grounds therefor, stated that the driver whose duty it was to furnish props was absent from the State. The defendant had a right to make the driver his agent to receive and forward requests or demands for props and to deliver the props to the miners. It must have realized that the driver might become careless and at times fail to perform these duties. Having chosen the method of performing the statutory duty of delivering the props, it is responsible for a failure resulting from the negligence of the agent chosen by it to carry out its statutory duty in the premises. The defendant cannot avoid the duty required of it by statute because some servant employed by it has proved untrustworthy. Therefore the court properly submitted to the jury the negligence of the defendant in failing to furnish props as the proximate cause of the injury.

It is next insisted by the defendant that the court erred in refusing its motion for a continuance. One of the grounds of the motion was that the driver whose duty it was to receive requests for and to deliver the props to the miners was absent from the State. The

suit was filed on Dec. 10, 1921, and the trial was not had until July 7, 1922. Some time during this interval the driver in question left the State. The defendant never had a subpoena issued for him. The defendant did not exercise due diligence in the premises, and the court did not abuse its discretion by refusing to grant the continuance. *C. R. I. & P. Ry. Co. v. Harris,* 103 Ark. 509, and *Met. Cas. Ins. Co. v. Chambers,* 136 Ark. 84.

It is next insisted that the court erred in instructing the jury on behalf of the plaintiff by saying: "A section of the law makes it the duty of the owner, agent or operator of the coal mine to keep a sufficient amount of timber, when required, to be used as props, so that the workmen can, at all times, be able to properly secure their working place from caving in, and also makes it the duty of the owner, agent or operator to send down all such props when required, and deliver said props to the place where cars are delivered." This is practically a copy of § 7271 of Crawford & Moses' Digest, upon which this suit is based. It is contended that the instruction is erroneous in using the expression, "when required to be used," because the meaning of the instruction is thereby rendered obscure. We cannot agree with counsel in this contention. Conceding that the word "required" should have been defined, the plaintiff was not prejudiced by the failure to do so. This court has held that the meaning of "required" in this statute is requested or demanded, and that it does not mean needed. *Western Coal & Mining Co. v. Watts,* 131 Ark. 562.

The evidence of the plaintiff on this point is not disputed. He demanded or requested props of the driver whose duty it was to deliver them to him, and the driver failed to do so. Hence we cannot see how the plaintiff was in any wise prejudiced by giving this part of the instruction to the jury.

It is also insisted by counsel for the defendant that the court erred in giving that part of instruction No. 1 which reads as follows: "And that, while in the discharge of his duties as a miner therein, the roof and rock in said working place caved in and fell upon him and injured him; and that the failure to furnish said props was the cause of his injuries, and the plaintiff has been damaged thereby," etc. It is claimed that the court should have said that the failure to furnish said props was the proximate cause of said injury. This is true, but counsel for the defendant, having failed to make a specific objection to the instruction at the trial, is not now in an attitude to complain. No doubt, if the court's attention had been called to the defect in the form of the instruction, it would have been corrected. The jury could hardly have failed to understand that it was directed to find that the failure to furnish the props was the proximate or efficient cause of the injury to the plaintiff.

The case was submitted to the jury upon instructions which fully and fairly submitted the respective theories of the parties, and, no error appearing in the record, the judgment will be affirmed.